**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

FILED

2019 AUG 20  PM 4: 13

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

A19CV0822 RP

| | |
|---|---|
| GREGORY ROYAL, | § |
| Plaintiff, | § |
| v. | § Case No. |
| INTEGREON, INC., | § |
| Defendant, individually and jointly, | § |
| MARNI HELFAND, | § |
| Co-Defendant, individually and jointly, | § |
| HAILEY CHOI, ,., | § |
| Co-Defendant, individually and jointly, | § |
| CATHERINE HUGHES, | § |
| Co-Defendant, individually and jointly, | § |
| JASON GUCKERT, | § |
| Co-Defendant, individually and jointly, | § |
| ANGELA ABNEY, | § |
| Co-Defendant, individually and jointly, | § |
| (Other individuals to be discovered and named during discovery in this proceeding as co-defendants, individually and jointly), | § |

**VERIFIED COMPLAINT**

1.      Plaintiff, Gregory Royal, proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, to remedy acts of

1

The Plaintiff requests a trial by jury.

employment discrimination, harassment, hostile environment, and retaliation based upon his

and race, defamation per se, and intentional infliction of emotional distress perpetrated against

him by Integreon, Inc. and its agents and decision-makers/policymakers Marni Helfand, Hailey

Choi, Catherine Hughes, Jason Guckert, and Angela Abney.

### Statement of Facts

2.      At all times material, plaintiff Gregory Royal is a resident of the state of Texas having

address located at 8100 N. Mopac Expy, Apt. 277, Austin, Texas 78759.

3.      At all times material, Integreon, Inc. is a business operating in the state of Texas and

under its laws having physical address located at 9900 Spectrum Drive, Austin, Texas 78717.

4.      At all times material, co-defendant Marni Helfand, individually and as a joint tortfeasor,

was the General Counsel for Integreon, Inc.

5.      At all times material, co-defendant Haley Choi, individually and as a joint tortfeasor,

was an agent of Integreon, Inc. employed at its Austin facility located at 9900 Spectrum Drive,

Austin, Texas 78717.

6.      At all times material, co-defendant Catherine Hughes, individually and as a joint

tortfeasor, was an agent of Integreon, Inc. employed at its Austin facility located at 9900

Spectrum Drive, Austin, Texas 78717

7.      At all times material, co-defendant Jason Guckert, individually and as a joint tortfeasor,

was an agent of Integreon, Inc. employed at its Austin facility located at 9900 Spectrum Drive,

Austin, Texas 78717.

5.      At all times material, co-defendant Angela Abney, individually and as a joint tortfeasor,

was an agent of Integreon, Inc. employed at its Austin facility located at 9900 Spectrum Drive,

Austin, Texas 78717.

6.      I was employed with Integreon, Inc. from 30 May 2018 - 17 August 2018.

The Plaintiff requests a trial by jury.

7.      During my employment I was treated negatively and discriminated and retaliated against because of my race.

8.      A white male was allowed to goof-off and not performed his job duties with Catherine Hughes' and Integreon's knowledge.  The white male's first name is "Jason" and his last name is unknown at this time.  Therein my EEOC complaint I inadvertently listed his name as "Michael" but that was in error.

9.      The white male remained unscathed and without disciplinary action by Integreon at least until I raised the issues of not being given necessary tools to perform the job, harassment, and discrimination.

10.     At all times material, Integreon exercised authority and control over the electronic document reviewers including me.

11.     From about the June 2018 to August 2018, I watched Catherine Hughes observed Jason being away from his desk and not performing his job duties as a document reviewer. Catherine, to my knowledge and based on Jason's representations, Hughes never spoke to Jason about his job performance.

12.     I watched the interactions of Jason and Catherine Hughes weekly. It was so remarkable to me that Catherine Hughes allowed Jason to goof-off on a daily basis and not perform any meaningful document review that I began to ask Jason at every observation between he and Catherine Hughes, 'Did you get in trouble?' Jason responded to each questioning with a 'No, she does not care.'

13.     Catherine Hughes and other agents of Integreon, such as Angela Abney (a Review Manager), treated nonblack electronic reviewers differently and more favorably than black/African American electronic reviewers, particularly in disciplinary matters.

The Plaintiff requests a trial by jury.

14.    During or about the week before 4 July 2018, I completed electronic review of nine thousand (9000) documents.

15.    Because of my race, African American/Black, I was held to a different and adverse standard whereby, Catherine Hughe, Jason Guckert, and Angela Abney stereotyped me based on my race and concluded that I was not intelligent to review documents at the very fast/high rate to achieve having reviewed 9000 documents.

16.    On or about 2 July 2018, Catherine Hughes hovered above me and about my immediate area shouting out, I'm concerned about those nine thousand docs . . . . I'm concerned about those nine thousand docs. She repeated this over and over. Hughes did not customarily pass my desk from behind but along the aisle adjacent the conference rooms where she did not deserve the document reviewers.

17.    Catherine Hughes held conference with an attorney for the law firm that litigated the respective civil case about my reviewed 9000 documents.

18.    Catherine Hughes told a Scott (last name unknown), a QCer, 'The attorney told me to send him an email when I got home.' Catherine departed for the workday.

19.    On or about 3 July 2018, upon entering the review room and aisle directly in front of my desk, Scott, the QCer, shouted to Catherine Hughes, 'Are we going to review the rest of his documents today?'

20.    Catherine Hughes replied to Scott, 'No, we are just going to leave that alone.' But Catherine Hughes, Angela Abney, Scott (last name unknown) and Jason Guckert thereafter began to harass and continue their discrimination by incessant monitoring using the Relativity tool.

21.    The Relativity tool slows the document reviewers thin client computing device to a drag or consistent hang--i.e. extremely poor response time basically a failure of the device.

The Plaintiff requests a trial by jury.

22.     From on or about 3 July 2018 to 16 August 18, Catherine Hughes and other Integreon

agents and representatives discriminated against me based on my race. Catherine Hughes lead

and directed other Integreon employees to inhibit my rate of document review by constantly

and consistently monitoring my computer and electronic review tool, Relativity.  Relativity

slows down considerably with constant monitoring; the slow response becomes easily

noticeable.

23.     Catherine Hughes and others spread gossip and defamatory statements about me

throughout Integreon to shed me in a false light.

24.     Catherine Hughes lead a systematic and continuous conspiracy to sabotage my success

and tenure at Integreon motivated by a racist animus.

25.     I also overheard Angela Abney as she and another Integreon Reviewer walked behind

my chair and passed me. Angela Abney stated to the other Integreon Reviewer, 'That's 180K

he'll never see.' This was on the same day that I complained to Haley Choi about the failing

computing device and not being able to perform my job duties because Integreon failed to

provide me with the proper tools necessary to do my work.

26.     Angela Abney was present during that meeting. I complained that Integreon

intentionally and maliciously assigned extremely large documents to me that Integreon

Reviewers knew would crash my computing device, and that Integreon Reviewers did so that

Integreon could build a case to argue that my review rate was low and more so to defame me in

front of the attorney and law firm that had inquired about the 4000 documents.

27.     I complained that Integreon agents and representatives Catherine Hughes, Angela

Abney, Jason Guckert, and Scott (last name unknown), among others, treated me negatively

and differently than they treated nonblack document reviewers.

The Plaintiff requests a trial by jury.

28.    These Integreon agents and representatives engaged in systematic and continuous discrimination motivated by their racist animus and based on my race as an African American.

29.    The emails between Marni Helfand, General Counsel for Integreon, and Julie Laufenberg, Human Resources for Integreon where their reasons for termination are in conflict. Laufenberg alleges that I was discharged because of my work performance, i.e. low review rate; however, Helfand alleges that Integreon would not terminate me for an alleged low review rate.

30.    Both alleged that I was terminated because I threatened to sue Integreon, but my stating that I would bring a civil lawsuit based on discrimination, harassment, and hostile environment did not occur until after I was terminated on August 17, 2018.

31.    I had also complained many times about not being given the proper tools to perform my job duties.

32.    Nonblacks who sat immediately besides me, and therefore likely on the same subnet, did not experience the same or similar problems.

33.    The slow response and failures continued until Integreon discharged unlawfully and in retaliation for my complaining about racial discrimination, harassment, and a hostile environment.

34.    ADMISSIONS BY INTEGREON: Catherine Hughes denies that she was talking to any attorney about the 9000 documents that I reviewed. Catherine Hughes states that she was talking about another document reviewer.

35.    At issue is who was she speaking about and to what attorney was she discussing the 900 documents.

36.    She and Integreon do not deny that she was discussing 9000 documents and a particular reviewer with an attorney of the law firm over the project.

The Plaintiff requests a trial by jury.

37.     Marni Helfand, General Counsel for Integreon, admitted to Karen J. Pordum, Esq.,

President of Synergy Legal Staffing, that Integreon did not and would not have terminated me

for an alleged low document review rate.

38.     Marni Helfand alleged that Integreon discharged me because I had threatened to sue

Integreon. Integreon, however, discharged me prior to any statement from me that I would

bring a civil lawsuit based on discrimination against Integreon.

39.     I was discriminated against based on my race (Black/African-American) and retaliated

against based on assumption that I was going to file a discrimination/civil suit, in violation of

Title VII of the Civil Rights Act of 1964, as amended.

### Count One
### (Discrimination Based on Race against Integreon, Inc.)

40.     The foregoing paragraphs 1-39 are realleged and incorporated by reference herein.

41.     Integreon, Inc. via its agents discriminated against Plaintiff Gregory Royal based on his

race.

42.     The foregoing paragraphs are realleged and incorporated by reference herein.

43.     Plaintiff Gregory Royal is a member of a protected class.

44.     Plaintiff Gregory Royal performed his job satisfactorily based on the tools provided to

him to perform his job.

45.     Plaintiff Gregory Royal was unlawfully discharged because he engaged in activities

protected under Title VII such as reporting and complaining about harassment, discrimination,

hostile environment, and retaliation by Integreon's agents.

46.     Plaintiff Gregory Royal was treated differently than whites and non-blacks, for

example, Jason who was allowed to goof off at work without performing document review but

collect a paycheck for hours unworked by Integreon.

The Plaintiff requests a trial by jury.

## Count Two
### (Harassment Based on Race against Integreon, Inc.)

47.     The foregoing paragraphs 1-46 are realleged and incorporated by reference herein.

48.     Integreon, Inc. via its agents harassed Plaintiff Gregory Royal by spreading negative

gossip defaming him throughout Integreon and sabotaging his production rate by assigning

extremely large documents of over 600 pages and greater than 10 Megabytes while non-black

reviewers were assigned documents of less than 20 pages and no more than one megabyte in

size.

49.     Integreon, Inc. via its agents harassed Plaintiff Gregory Royal by misusing the

Relativity monitoring tool and negatively degrading the computer's performance used by

Gregory Royal.

## Count Three
### (Hostile Environment Based on Race against Integreon, Inc.)

50.     The foregoing paragraphs 1-49 are realleged and incorporated by reference herein.

## Count Four
### (Retaliation Based on Race against Integreon, Inc.)

51.     The foregoing paragraphs 1-50 are realleged and incorporated by reference herein.

52.     Plaintiff Gregory Royal engaged in protected activity by reporting harassment, hostile

environment, and complaining that he was being discriminated against because of his race.

53.     Marni Helfand, General Counsel for Integreon, admitted that Plaintiff Royal was

discharged because he engaged in protected activity.

## Count Five
### (Defamation Per Se against Against Marni Helfand, Individually)

54.     The foregoing paragraphs 1-53 are realleged and incorporated by reference herein.

The Plaintiff requests a trial by jury.

55.    Marni Helfand made statements she knew to be false at the time she made them to Karen Pordum, owner of Synergy Legal Staffing.

56.    Because of Marni Helfand's untrue statements, Synergy Legal Staffing has not communicated with Plaintiff Gregory Royal and has not offered or staffed him on any other subsequent projects.

57.    Plaintiff Gregory Royal has suffered economic losses as well as emotional and mental distress and physical sickness including depression.

## Count Six
### (IIED against Marni Helfand, Individually)

58.    The foregoing paragraphs 1-57 are realleged and incorporated by reference herein.

59.    Marni Helfand intended her untrue statements to cause Plaintiff Royal emotional, mental, and physical sickness and illness.

60.    She made untrue statements to intimidate and cause fear in Plaintiff Royal so he would not file his Title VII complaint against Integreon.

61.    Marni Helfand acted intentionally and/or recklessly because she did not investigate and actually review all facts, evidence, documents, logs, and records before making her untrue statements to Karen Pordum.

62.    Marni Helfand's conduct constitutes extreme and outrageous conduct on part of a general counsel for a corporation and an attorney.

63.    Marni Helfand's conduct directly and proximately caused Plaintiff Royal to suffer emotional, mental, and physical distress.

64.    Marni Helfand's conduct also directly and proximately caused Plaintiff Royal to suffer depression, insomnia, and nausea on a nightly basis.

## Count Seven
### (IIED against Catherine Hughes, Individually)

9

The Plaintiff requests a trial by jury.

65.     The foregoing paragraphs 1-53 are realleged and incorporated by reference herein.

66.     Catherine Hughes intended her untrue statements to cause Plaintiff Royal emotional, mental, and physical sickness and illness.

67.     She made untrue statements to intimidate and cause fear in Plaintiff Royal and to harass him as a black male.

68.     Catherine Hughes misused the Relativity tool to knowingly and maliciously cause a degradation of Plaintiff Royal's computer and to sabotage his job performance.

69.     Catherine Hughes acted intentionally and/or recklessly by defaming Plaintiff Royal before the attorney at the law firm with statements she knew to be untrue at the time she made them.

70.     Catherine Hughes' conduct constitutes extreme and outrageous conduct because she sought to unlawfully force Plaintiff to review documents at a slower pace to cheat and steal money away from the law firm and client and to defame Plaintiff Royal before the law firm.

71.     Catherine Hughes' conduct directly and proximately caused Plaintiff Royal to suffer emotional, mental, and physical distress.

72.     Catherine Hughes' conduct also directly and proximately caused Plaintiff Royal to suffer depression, insomnia, and nausea on a nightly basis.

### Count Eight
### (IIED against Angela Abney, Individually)

73.     The foregoing paragraphs 1-53 are realleged and incorporated by reference herein.

74.     Angela Abney intended her untrue statements to cause Plaintiff Royal emotional, mental, and physical sickness and illness.

75.     She made untrue statements to intimidate and cause fear in Plaintiff Royal and to harass him as a black male.

The Plaintiff requests a trial by jury.

76.    Angela Abney misused the Relativity tool to knowingly and maliciously cause a degradation of Plaintiff Royal's computer and to sabotage his job performance.

77.    Angela Abney acted intentionally and/or recklessly by defaming Plaintiff Royal before the attorney at the law firm with statements she knew to be untrue at the time she made them.

78.    Angela Abney's conduct constitutes extreme and outrageous conduct because she sought to unlawfully force Plaintiff to review documents at a slower pace to cheat and steal money away from the law firm and client and to defame Plaintiff Royal before the law firm.

79.    Angela Abney's conduct directly and proximately caused Plaintiff Royal to suffer emotional, mental, and physical distress.

80.    Angela Abney's conduct also directly and proximately caused Plaintiff Royal to suffer depression, insomnia, and nausea on a nightly basis.

**Count Nine**
**(IIED against Haley Choi, Individually)**

81.    The foregoing paragraphs 1-53 are realleged and incorporated by reference herein.

82.    Haley Choi intended her untrue statements to cause Plaintiff Royal emotional, mental, and physical sickness and illness.

83.    She made untrue statements to intimidate and cause fear in Plaintiff Royal and to harass him as a black male.

84.    Haley Choi directed her subordinates to misuse the Relativity tool to knowingly and maliciously to cause a degradation of Plaintiff Royal's computer and to sabotage his job performance.

85.    Haley Choi directed her subordinates to place Plaintiff Royal's computer on a subnet and or port having a much slower response time than nonwhite document reviewers to cause a degradation of Plaintiff Royal's computer and to sabotage his job performance.

The Plaintiff requests a trial by jury.

86.     Haley Choi acted intentionally and/or recklessly by defaming Plaintiff Royal before the attorney at the law firm with statements she knew to be untrue at the time she made them.

87.     Haley Choi's conduct constitutes extreme and outrageous conduct because she sought to unlawfully force Plaintiff to review documents at a slower pace to cheat and steal money away from the law firm and client and to defame Plaintiff Royal before the law firm.

88.     Haley Choi's conduct directly and proximately caused Plaintiff Royal to suffer emotional, mental, and physical distress.

89.     Haley Choi's conduct also directly and proximately caused Plaintiff Royal to suffer depression, insomnia, and nausea on a nightly basis.

## Count Nine
### (IIED against Jason Guckert, Individually)

90.     The foregoing paragraphs 1-53 are realleged and incorporated by reference herein.

91.     Jason Guckert intended his untrue statements to cause Plaintiff Royal emotional, mental, and physical sickness and illness.

92.     He made untrue statements to intimidate and cause fear in Plaintiff Royal and to harass him as a black male.

93.     Jason Guckert on a weekly basis cyber stalked Plaintiff Royal.

94.     He misused the Relativity tool to knowingly and maliciously to cause a degradation of Plaintiff Royal's computer and to sabotage his job performance.

94.     Jason Guckert acted on his racist stereotypes and racist animus against a black male.

95.     Based on his racist animus against a black male, Jason Guckert constantly rushed to Haley Choi to defame and disparage Plaintiff Royal of not being able to "read and review documents" faster than Jason Guckert.

The Plaintiff requests a trial by jury.

96.     Plaintiff Royal overheard Jason Guckert cry out to Haley Choi, "There is no way he is reading those documents that fast" and "No one can read that fast . . . he must be cheating . . . and not reading the documents."

95.     Jason Guckert acted intentionally and/or recklessly by defaming Plaintiff Royal before Haley Choi with statements he knew to be untrue at the time he made them.

96.     Jason Guckert's conduct constitutes extreme and outrageous conduct because he sought to unlawfully force Plaintiff to review documents at a slower pace to cheat and steal money away from the law firm and client and to defame Plaintiff Royal before the law firm.

97.     Jason Guckert's conduct directly and proximately caused Plaintiff Royal to suffer emotional, mental, and physical distress.

98.     Jason Guckert's conduct also directly and proximately caused Plaintiff Royal to suffer depression, insomnia, and nausea on a nightly basis.

## JURY DEMAND

**The Plaintiff requests trial by jury.**

WHEREFORE, the Plaintiff Gregory Royal prays that this Honorable Court award him:

(a)     The sum of $500,000.00 to be awarded against Integreon, Inc. in compensatory damages of loss salary; emotional, mental, and physical distress and injuries suffered because of the discrimination, harassment, hostile environment, and retaliation;

(b)     Punitive damages to be awarded against Integreon, Inc. as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(c)     The sum of $500,000.00 to be awarded against Marni Helfand, individually, in compensatory damages because of her defamation per se;

13

The Plaintiff requests a trial by jury.

(d)     Punitive damages to be awarded against Marni Helfand as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(e)     The sum of $500,000.00 to be awarded against Catherine Hughes, individually, in compensatory damages because of her defamation per se;

(f)     Punitive damages to be awarded against Catherine Hughes as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(g)     The sum of $500,000.00 to be awarded against Haley Choi, individually, in compensatory damages because of her defamation per se;

(h)     Punitive damages to be awarded against Haley Choi as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(i)     The sum of $500,000.00 to be awarded against Angela Abney, individually, in compensatory damages because of her defamation per se;

(j)     Punitive damages to be awarded against Angela Abney as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(k)     The sum of $500,000.00 to be awarded against Jason Guckert, individually, in compensatory damages because of her defamation per se;

(l)     Punitive damages to be awarded against Jason Guckert as a multiple factor of 2x, 3x, 4x, 5x, 6x, 7x, 8x, or 9x times the amount of the compensatory damages to be determined by a jury to deter such future misconduct;

(m)     costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and

The Plaintiff requests a trial by jury.

(n)     other damages and further relief as deemed just

Respectfully submitted,

20 August 2019

Gregory Allen Royal, *pro se*
Plaintiff
8100 N. Mopac Expy., Apt. 277
Austin, Texas 78759
(737)808-6700

**FOR SWORN ACCOUNTS**:
        Said Plaintiff in the above entitled and numbered cause, being duly sworn by me, the undersigned authority, upon oath, says that the facts as stated in the above instrument of writing, are within the knowledge of said affiant, and are true and correct.

        **SWORN TO AND SUBSCRIBED BEFORE ME**, to certify which witness my official hand of office, this _20_ day of **August**, **AD 2019**.

NOTARY PUBLIC in and for               CLERK OF COURT
Travis County, Texas                   Civil or Small Claims Court



15
The Plaintiff requests a trial by jury.