IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREGORY ROYAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-822-RP |
| INTEGREON, INC., MARNI HELFAND, HAILEY CHOI, ANGELA ABNEY, JASON GUCKERT, and CATHERINE HOUGH, | § § § § § | |
| Defendants. | § § | |

## **ORDER**

On February 19, 2020, the undersigned referred Defendants' Motion to Dismiss, (Dkt. 19), and Defendant Integreon Inc.'s Motion to Dismiss, (Dkt. 21), to United States Magistrate Judge Mark Lane for a report and recommendation under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (Order, Dkt. 24). The undersigned also referred Plaintiff Gregory Royal's ("Royal") motion for leave to file a second amended complaint, (Dkt. 20), to Judge Lane, but for disposition under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (Order, Dkt. 24). On April 15, 2020, Judge Lane granted Royal's motion for leave to file a second amended complaint. (Order, Dkt. 35). Royal filed his second amended complaint on May 18, 2020. (Dkt. 38; *see also* Text Order, May 11, 2020 (extending time to file)).

Royal is proceeding pro se in this matter. The two motions to dismiss remain referred to Judge Lane for report and recommendation.

"When a plaintiff files an amended complaint while a motion to dismiss is pending, courts often dismiss the motion to dismiss as moot." *Good River Farms, LP v. TXI Operations, LP*, No. 1:17-

1

CV-1117-RP, 2018 WL 1770494, at *3 (W.D. Tex. Apr. 12, 2018) (citing *Rodriguez v. Xerox Bus. Servs.*, LLC, No. EP–16–CV–41–DB, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016)). "Although a district court need not necessarily deny a pending motion to dismiss as moot, courts typically only refrain from doing so when the amended complaint does not address the defects asserted in the motion to dismiss." *Id.* However, "if 'the objections raised by the motion remain unresolved' by the plaintiff's amendments to its pleading, a court may still decide the motion to dismiss." *Primacy Eng'g, Inc. v. SAN Eng'g*, No. 1:18-CV-129-RP, 2019 WL 3412914, at *1 n.1 (W.D. Tex. July 29, 2019) (quoting *Amaya v. Crowson & Crowson, LLP*, EP-13-CV-00130-DCG, 2013 WL 12126243, at *2 (W.D. Tex. June 6, 2013)). And "[a]lthough courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, 'if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.'" *Good River Farms*, 2018 WL 1770494, at *3 (quoting *Jefferson Cmty. Health Care Ctrs, Inc. v. Jefferson Par. Gov't*, No. CV 16–12910, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016)).

Here, the Court finds that applying the pending motions to dismiss to Royal's second amended complaint would both cause confusion and detract from the efficient resolution of the issues. The second amended complaint no longer names Integreon, Inc., as a defendant, rendering Integreon, Inc.'s motion to dismiss, (Dkt. 21), moot. (2d Am. Compl., Dkt. 38, at 1). And the second amended complaint adds enough detail—it is far longer than Royal's first amended complaint, (Dkt. 18)—that the Court concludes requiring Defendants to file a new motion specifically addressing it is warranted.

Accordingly, **IT IS ORDERED** that the referrals of Defendants' Motion to Dismiss, (Dkt. 19), and Defendant Integreon Inc.'s Motion to Dismiss, (Dkt. 21), to United States Magistrate Judge Mark Lane for a report and recommendation are **CANCELED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Dkt. 19), and Defendant Integreon Inc.'s Motion to Dismiss, (Dkt. 21), are **MOOT**.

**SIGNED** on May 21, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE