**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREGORY ROYAL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:19-CV-822-RP-ML** |
| | § | |
| **INTEGREON MANAGED SOLUTIONS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant, individually and jointly,** | § | |
| | § | |
| **MARNI HELFAND,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **JULIE LAUFENBERG,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **HAILEY CHOI,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **CATHERINE HOUGH,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **JASON GUCKERT,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **ANGELA ABNEY,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
and
RULE 12(f) MOTION TO STRIKE**

Defendants Integreon Managed Solutions, Inc. ("IMS"), Marni Helfand, Hailey Choi, Catherine Hough, Jason Guckert, Angela Abney, and Julie Laufenberg (collectively "Defendants") file their Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and Motion to Strike pursuant to FED. R. CIV. P. 12(f).

Defendants move the Court for an order dismissing Plaintiff's claims against IMS under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, as alleged in Plaintiff's Verified Second Amended Complaint ("Complaint") because Plaintiff's pleadings, in part, fail to state a claim upon which relief can be granted against Defendants.  FED. R. CIV. P. 12(b)(6).

Defendants move the Court for an order striking certain claims made by Plaintiff because they are immaterial, impertinent, and scandalous having no possible relation to the claims or causes of action and are prejudicial to Defendants.  FED. R. CIV. P. 12(f).

In support of Defendants' Motion to Dismiss and Motion to Strike, Defendants respectfully show the Court the following:

## I.
## BACKGROUND

In his Complaint, Plaintiff Gregory Royal (who is an attorney by trade), alleges, in part, causes of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, (hereinafter referred to as "Title VII") and 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981") against Defendants arising from allegations of employment discrimination, harassment, hostile environment, and retaliation based upon his race, which allegations Defendants deny.  [Doc. 38, Complaint, p. 2, ¶¶ 2-3].

Plaintiff alleges that IMS can be held responsible for violating Title VII and Section 1981 because the company allegedly discriminated, harassed, subjected him to a hostile environment,

and retaliated based upon his race.  Though Plaintiff in paragraphs 26, 265, and 266 of the Complaint refer to an Equal Employment Opportunity Commission (EEOC) complaint, Plaintiff says nothing else in the Complaint about his Charge of Discrimination filed with the EEOC.  *Id.,* pp. 5, 39.  Specifically, Plaintiff does not state whether he timely filed his Charge of Discrimination with the EEOC or the date he filed the Charge of Discrimination with the EEOC.

The Complaint is replete with conclusory, unsubstantiated allegations of wrongdoing by Defendants, which Defendants deny, and should be stricken.  *Id.,* Complaint.

## II.
## ARGUMENTS & AUTHORITIES

**A.     Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

A motion under Rule 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  The plaintiff's complaint must contain allegations of every material point necessary to sustain recovery. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court

should not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.  Although a *pro se* litigant may be held to less stringent standards, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

> ### i.      Plaintiff's Counts against IMS under Title VII that are challenged by IMS.

Count One contains Plaintiff's cause of action against IMS for discrimination based on race under Title VII. *Id.,* pp. 40-41.

Count Two contains Plaintiff's cause of action against IMS for harassment based on race under Title VII. *Id.*, pp. 41-42.

Count Three contains Plaintiff's cause of action against IMS for hostile work environment based on race under Title VII. *Id.*, pp. 42-43.

Count Four contains Plaintiff's cause of action against IMS for retaliation based on race under Title VII. *Id.*, pp. 43-44.

> ### ii.     Plaintiff's causes of action against IMS arising under Title VII must be dismissed with prejudice.

"[B]efore a plaintiff can commence a civil action under Title VII in federal court, she must file a *timely charge* with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam) (citing 42 U.S.C. § 2000e—5(e)(1)) (emphasis added).[1]  In other

---

[1] Before a claimant can pursue a Title VII claim in federal court, she must exhaust her available administrative remedies by filing a Charge with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  A plaintiff has sufficiently exhausted her administrative remedies when she has "file[d] a *timely charge* with the EEOC and receives a statutory notice of right to sue." *Id.* at 379.

words, filing a timely charge is a condition precedent to a Title VII action in federal court.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

The Court appears to have recognized that Plaintiff's original complaint did not provide sufficient information for the Court to properly evaluate the Complaint to determine whether Plaintiff stated a cognizable claim under Title VII.  [Doc. 3, p. 1].  Specifically, the Court appears to have inquired as to when Plaintiff's Charge of Discrimination was filed with the EEOC.  *Id.* Accordingly, the Court ordered Plaintiff to supplement the record by filing a signed and dated copy of Plaintiff's EEOC Charge of Discrimination.  *Id.*

In response to the Court's Order, [Doc. 3], Plaintiff filed of public record an Affidavit along with attached documentation demonstrating, in part, that Plaintiff failed to timely file his Charge of Discrimination with the EEOC (collectively the documents filed as Doc. 6 shall be referred to as the "Affidavit").[2]  [Doc. 6, Affidavit, p. 6].   Since Plaintiff mentions his Charge of Discrimination to the EEOC in paragraph eleven (11) of the Complaint, and the Charge of Discrimination being central to Plaintiff's claims under Title VII, the Court should consider the Affidavit, which is attached hereto as Exhibit 1 and incorporated herein by reference, when determining whether Plaintiff's Title VII claims (Counts 1 – 4) should be dismissed with prejudice pursuant to Rule 12(b)(6).

In light of the recent U.S. Supreme Court decision in *Fort Bend County, Texas v. Davis*, the failure to exhaust administrative remedies based on the charge-filing requirement is asserted

---

[2] IMS respectfully requests the Court take judicial notice of the contents of the records filed as Doc. 6 on November 21, 2019.  Generally, when ruling on a 12(b)(6) motion, the court may consider only the allegations in the complaint and any attachments thereto. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

under Rule 12(b)(6) rather than 12(b)(1) for lack of subject matter jurisdiction. *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1849, 204 L. Ed. 2d 116 (2019).  Plaintiff's pleadings demonstrate that he failed to timely file his Charge of Discrimination, which was also dismissed by the EEOC as untimely.  Accordingly, Plaintiff fails to state a claim with respect to alleged discriminatory conduct under Title VII against IMS because Plaintiff is unable to plead facts sufficient to show that Plaintiff exhausted his administrative remedies with respect to Plaintiff's Title VII claims.

Plaintiff contends that the Court should apply equitable principles to toll the deadline for timely filing his Charge of Discrimination.   [Doc. 38, pp. 39-40, ¶¶ 265-276].   In limited circumstances, the filing deadline is subject to equitable doctrines such as tolling or estoppel. *Zipes v. Trans World Airlines*, Inc., 455 U.S. 385, 393 (1982).  The plaintiff has the burden of providing a sufficient factual basis for tolling the filing deadline. *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992).      Plaintiff's allegations also do not support excusing his untimeliness on the basis of equitable estoppel.  Equitable estoppel generally applies when the defendant's misconduct prevents the plaintiff from asserting his rights within the limitations period. *Pruet Prod. Co. v. Ayles*, 784 F.2d 1275, 1280 (5th Cir. 1986).  Plaintiff does not allege that IMS obstructed him from timely filing his Charge of Discrimination (nor would there be any evidence of such obstruction).

The Fifth Circuit has recognized the following three grounds for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003).  Plaintiff has not sufficiently demonstrated that the doctrine of equitable tolling applies.  There is no allegation of a suit pending between the same

parties in another forum.  There are no allegations claiming that the Defendants intentionally concealed facts or that the EEOC misled him about his rights.  To the extent Plaintiff claims the EEOC mislead him by issuing a "Right to Sue" letter, these are conclusory allegations and the Plaintiff's subjective beliefs are insufficient.  Furthermore, the EEOC's decision to issue a Right to Sue letter is its own prerogative, and, contrary to Plaintiff's assertion, federal courts are expected to make "an independent determination" as to a claimant's "compliance with Title VII's filing requirements."  *Burrell v. Brown*, 228 F.3d 410, *4 (5th Cir. 2000) (per curiam) (unpublished) (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979)).  Accordingly, for the reasons stated above, tolling of the filing deadline is not appropriate in this case, and the Court should dismiss Plaintiff's Title VII claims against IMS with prejudice.

**B.     The Court should strike certain allegations in the Complaint that are immaterial, impertinent, or scandalous to Plaintiff's core issues.**

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any . . . immaterial, impertinent, or scandalous . . . matter."  FED. R. CIV. P. 12(f).  Rule 12(f)'s purpose is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-cv-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).  Rule 12(f) is also designed to "reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d. ed. 2014).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Wright & Miller, supra, § 1382; *see also Marceaux v. Lafayette Consol. Gov't*, No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012). Similarly, "'impertinent' matter consists of statements that do not pertain, and are not necessary,

to the issues in question."  5C Wright & Miller, *supra*, § 1382; s*ee also Marceaux*, 2012 WL 5197667, at *1.

"A motion to strike is only proper where the allegations to be stricken have no possible relation to the claims or causes of action[,]" or if there is a showing of prejudice.  *Bates v. Laminack*, 938 F.Supp.2d 649, 668 (S.D. Tex. 2013) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); *Landmark Graphics Corp. v. Seismic Micro Tech., Inc.*, 2007 WL 172195, at *3 (S.D. Tex. Jan. 22, 2007).

The Court should strike, at minimum, the following paragraphs in the Complaint because they contain allegations that are immaterial, impertinent, or scandalous:

- Paragraphs 26-35, 50-51, 124, 195-198, 203-207, 225, 235-236.

Even under the loose definition of materiality used in Rule 12(f) motions, the allegations in these paragraphs are, at the least, immaterial to any issue in the case and are, at the most, bizarre, false statements made to prejudice the Defendants.  The allegations in these paragraphs are immaterial to any liability under Title VII Section 1981, liability for intentional infliction of emotional distress, or defamation arising from allegations of employment discrimination, harassment, hostile environment, and retaliation based upon Plaintiff's race or to whether Plaintiff is entitled to damages.  Indeed, the allegations of Defendant Guckert's choice of apparel, body order, or drinks with colleagues or the allegations concerning Pfizer or any of the other purported conduct in these paragraphs is so tangential to Plaintiff's claims that evidence supporting them would not be admissible.  FED. R. EVID. 404(b).  They have no apparent or implicit relevance to the claims alleged in the pleadings.  Instead, Plaintiff's allegations amount to little more than unjustified ad hominem attacks on IMS's operations and the Individual Defendants' personal affairs.

Additionally, the material in the above-referenced paragraphs should be stricken because it is prejudicial.  Keeping these allegations in the case will force Defendants and this Court to expend scarce time and resources on issues immaterial to the core questions at issue.  If Plaintiff's allegations are not stricken, Defendants and this Court will likely be compelled to devote many more hours revisiting the very issues that are irrelevant to this case.  This waste of economic and judicial resources is not in the interests of justice.  Moreover, given the limited time available to the parties collectively at trial, every trial hour diverted to addressing baseless and irrelevant matters is one less hour available to address the core issues before the Court.  The prejudice is palpable.  For these reasons, the Court should strike the above-mentioned paragraphs from the record.

## III.
## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Title VII claims against Integreon Managed Solutions, Inc. and strike the above-referenced paragraphs in Plaintiff's Second Amended Complaint from the record.

Respectfully submitted,

By:    */s/ Andrew M. Scott*
         Andrew M. Scott
         Attorney in Charge
         Texas Bar No.: 24075042
         Federal I.D. No. 1128461
         1900 West Loop South, Suite 1000
         Houston, Texas 77027
         Telephone: (713) 961-3366
         E-mail: ascott@grsm.com

**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**GORDON & REES, LLP**
Robert L. Horn
Texas Bar No.: 24046107
Federal I.D. No. 60223
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
rhorn@grsm.com

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that Plaintiff was served on this day of June 1, 2020 with a copy of this document via e-mail and electronically using the CM/ECF system, which automatically sends notice and copy of the filing to all parties of record through the Court electronic filing system, and via certified mail/return receipt requested and US Mail.

         */s/ Andrew M. Scott*
         Andrew M. Scott