**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREGORY ROYAL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:19-CV-822-RP-ML** |
| | § | |
| **INTEGREON MANAGED SOLUTIONS, INC.,** | § | |
| | § | |
| | § | |
| **Defendant, individually and jointly,** | § | |
| | § | |
| **MARNI HELFAND,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **JULIE LAUFENBERG,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **HAILEY CHOI,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **CATHERINE HOUGH,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **JASON GUCKERT,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |
| | § | |
| **ANGELA ABNEY,** | § | |
| | § | |
| **Co-Defendant, individually and jointly,** | § | |

**SUBJECT TO DEFENDANTS' RULE 12 MOTIONS, DEFENDANTS' ORIGINAL
ANSWER AND AFFIRMATIVE DEFENSES**

Subject to Defendants' Rule 12 Motions on file, Defendants Integreon Managed Solutions,

Inc. ("IMS"), Marni Helfand ("Helfand"), Hailey Choi ("Choi"), Catherine Hough ("Hough"), Jason Guckert ("Guckert"), Angela Abney ("Abney") and Julie Laufenberg ("Laufenberg") (collectively referred to as "Defendants"), file this Original Answer to Plaintiff's Verified Second Amended Complaint ("Second Amended Complaint") and for same will show the Court as follows:

## I.
## GENERAL RESPONSE

In the abundance of caution, given the length and verbosity of Plaintiff's Second Amended Complaint, Defendants deny any and all allegations in Plaintiff's Second Amended Complaint which alleged or purport to allege any liability as to any Defendant.

## II.
## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.      A responsive pleading is not required to the allegations in paragraph 1 of the Second Amended Complaint; such allegations are therefore considered denied or avoided.

2.      Defendants admit only that Plaintiff is proceeding *pro se* and only that Plaintiff is suing Defendants pursuant to Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 as alleged in paragraph 2 of Plaintiff's Second Amended Complaint, but Defendants deny committing any violations of those statutes.

3.      Regarding the allegations in paragraph 3 of Plaintiff's Second Amended Complaint, Defendants admit only that Plaintiff is suing Defendants for employment discrimination, harassment, hostile work environment, and retaliation based upon his opposition conduct and race, defamation *per se*, and intentional infliction of emotional distress, but Defendants deny that Defendants committed or are liable for employment discrimination, harassment, hostile work environment, and retaliation based upon his opposition conduct and race, defamation *per se*, and

intentional infliction of emotional distress.

4.    A responsive pleading is not required to the allegations in paragraph 4 of the Second Amended Complaint; such allegations are therefore considered denied or avoided.

5.    A responsive pleading is not required to the allegations in paragraph 5 of the Second Amended Complaint; such allegations are therefore considered denied or avoided.

6.    Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 6 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 6 of Plaintiff's Second Amended Complaint.

7.    Defendants admit the allegations in paragraph 7 of Plaintiff's Second Amended Complaint.

8.    The allegations in paragraph 8 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 8 of Plaintiff's Second Amended Complaint.

9.    Defendants deny that Plaintiff was employed directly with IMS.  Instead, Plaintiff was placed with IMS by a staffing agency.  To the extent a response is required, Defendants deny the allegations in paragraph 9 of Plaintiff's Second Amended Complaint.

10.    Defendants are unable to admit or deny the allegations in paragraph 10 of Plaintiff's Second Amended Complaint because they call for a legal conclusion.  To the extent a response is required, Defendants deny the allegations in paragraph 10 of Plaintiff's Second Amended Complaint.

11.    Defendants deny the allegations in paragraph 11 of Plaintiff's Second Amended Complaint.

12.     Defendants deny the allegations in paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Defendants deny the allegations in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Defendants admit the allegations in paragraph 14 of Plaintiff's Second Amended Complaint.

15.     Abney denies Plaintiff's characterization, as Abney reviewed "edits per hour." Otherwise, Defendants deny the allegations in paragraph 15 of Plaintiff's Second Amended Complaint.

16.     IMS admits that its review managers would on occasion advise reviewers working on projects what their distinct edits per hour numbers were on given days.  Defendants deny all remaining allegations in paragraph 16 of Plaintiff's Second Amended Complaint.

17.     Defendants deny the allegations in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's Second Amended Complaint.

20.     Defendants admit the allegations in paragraph 20 of Plaintiff's Second Amended Complaint.

21.     Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 21 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 21 of Plaintiff's Second Amended

Complaint

22.     Defendants deny the allegations in paragraph 22 of Plaintiff's Second Amended Complaint.

23.     Defendants deny the allegations in paragraph 23 of Plaintiff's Second Amended Complaint.

24.     Defendants deny the allegations in paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Hough admits that she had authority over reviewers working on her projects, but states that her authority was not sole/absolute authority.   Defendants deny the remaining allegations in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Defendants move to strike the allegations made in paragraph 26 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 26 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Defendants move to strike the allegations made in paragraph 27 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 27 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Defendants move to strike the allegations made in paragraph 28 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in

paragraph 28 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendants move to strike the allegations made in paragraph 29 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 29 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Defendants move to strike the allegations made in paragraph 30 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 30 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Defendants move to strike the allegations made in paragraph 31 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 31 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Defendants move to strike the allegations made in paragraph 32 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 32 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Defendants move to strike the allegations made in paragraph 33 of Plaintiff's

Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 33 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Defendants move to strike the allegations made in paragraph 34 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 34 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Defendants move to strike the allegations made in paragraph 35 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 35 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 35 of Plaintiff's Second Amended Complaint.

36.     Defendants deny the allegations in paragraph 36 of Plaintiff's Second Amended Complaint.

37.     Defendants deny the allegations in paragraph 37 of Plaintiff's Second Amended Complaint.

38.     The allegations in paragraph 38 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 38 of Plaintiff's Second Amended Complaint.

39.     Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 39 of Plaintiff's Second Amended Complaint.  To the extent a response is

required, Defendants deny the allegations in paragraph 39 of Plaintiff's Second Amended Complaint.

40.     The allegations in paragraph 40 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 40 of Plaintiff's Second Amended Complaint.

41.     Defendants deny the allegations in paragraph 41 of Plaintiff's Second Amended Complaint.

42.     The allegations in paragraph 42 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 42 of Plaintiff's Second Amended Complaint.

43.     Defendants deny the allegations in paragraph 43 of Plaintiff's Second Amended Complaint.

44.     Defendants deny the allegations in paragraph 44 of Plaintiff's Second Amended Complaint.

45.     Defendants deny the allegations in paragraph 45 of Plaintiff's Second Amended Complaint.

46.     Defendants deny the allegations in paragraph 46 of Plaintiff's Second Amended Complaint.

47.     Defendants deny the allegations in paragraph 47 of Plaintiff's Second Amended Complaint.

48.     The allegations in paragraph 48 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 48 of Plaintiff's Second Amended Complaint.

49.     Defendants deny the allegations in paragraph 49 of Plaintiff's Second Amended Complaint.

50.     Defendants move to strike the allegations in paragraph 50 of Plaintiff's Second Amended Complaint as being immaterial, impertinent, and/or scandalous to claims made the basis of Plaintiff's lawsuit.  Defendants deny the allegations in paragraph 50 of Plaintiff's Second Amended Complaint.

51.     Defendants move to strike the allegations in paragraph 51 of Plaintiff's Second Amended Complaint as being immaterial, impertinent, and/or scandalous to claims made the basis of Plaintiff's lawsuit.  Defendants deny the allegations in paragraph 51 of Plaintiff's Second Amended Complaint.

52.     Defendants deny the allegations in paragraph 52 of Plaintiff's Second Amended Complaint.

53.     The allegations in paragraph 53 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, IMS admits that on or before August 14, 2018, IMS had not, at that time, yet informed Plaintiff that it released Plaintiff from any document review projects.    Defendants deny the remaining allegations in paragraph 54 of Plaintiff's Second Amended Complaint.

54.     The allegations in paragraph 54 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  IMS admits that on or before August 14, 2018, IMS had not, at that time, yet informed Synergy Legal Staffing that it released Plaintiff from any document review projects.    Defendants deny the remaining allegations in paragraph 54 of Plaintiff's Second Amended Complaint.

55.     Defendants admit or deny the allegations in paragraph 55 of Plaintiff's Second

Amended Complaint.

56.     Defendants admit that Plaintiff performed document review tasks for IMS on or about August 16, 2018.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 56 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 56 of Plaintiff's Second Amended Complaint.

57.     Defendants are unable to admit or deny the allegations in paragraph 57 of Plaintiff's Second Amended Complaint, as it references correspondence between non-Defendant parties.  To the extent a response is required, Defendants deny the allegations in paragraph 57 of Plaintiff's Second Amended Complaint.

58.     Defendants are unable to admit or deny the allegations in paragraph 58 of Plaintiff's Second Amended Complaint, as it references correspondence between non-Defendant parties. Defendants will supplement this response.  To the extent a response is required, deny.

59.     Defendants admit Plaintiff's recitation of Mr. Pordum's email in paragraph 59 of Plaintiff's Second Amended Complaint.  Defendants deny the remaining allegations in paragraph 59 of Plaintiff's Second Amended Complaint.

60.     Laufenberg admits that she sent correspondence to Plaintiff on or about August 20, 2018 stating that Plaintiff's separation from IMS was partially "based on conversations with individuals in Austin and a review of [Plaintiff's] performance." Defendants deny the remaining allegations in paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Defendants admit Plaintiff's recitation of Mr. Pordum's email in paragraph 61 of Plaintiff's Second Amended Complaint.  Defendants deny the remaining allegations in paragraph 61 of Plaintiff's Second Amended Complaint.

62.     Defendants are unable to admit or deny the allegations in paragraph 62 of Plaintiff's Second Amended Complaint, as they call for a legal conclusion.  To the extent a response is required, Defendants deny the allegations in paragraph 62 of Plaintiff's Second Amended Complaint.

63.     Defendants deny the allegations in paragraph 49 of Plaintiff's Second Amended Complaint.

64.     Regarding the allegations in paragraph 64 of Plaintiff's Second Amended Complaint, IMS and Helfand admit only that Helfand was General Counsel of IMS during the relevant time period of Plaintiff's temporary placement with IMS, but all further allegations in paragraph 64 of Plaintiff's Second Amended Complaint are denied by Defendants.

65.     Defendants are unable to admit or deny the allegations in paragraph 65 of Plaintiff's Second Amended Complaint, as they call for a legal conclusion.  To the extent a response is required, Defendants deny the allegations in paragraph 65 of Plaintiff's Second Amended Complaint.

66.     Defendants deny the allegations in paragraph 66 of Plaintiff's Second Amended Complaint.

67.     Defendants deny the allegations in paragraph 67 of Plaintiff's Second Amended Complaint.

68.     Defendants deny the allegations in paragraph 68 of Plaintiff's Second Amended Complaint.

69.     Defendants deny the allegations in paragraph 69 of Plaintiff's Second Amended Complaint.

70.     Defendants deny the allegations in paragraph 70 of Plaintiff's Second Amended

Complaint.

71.     Defendants deny the allegations in paragraph 71 of Plaintiff's Second Amended Complaint.

72.     There are no allegations in paragraph 72 of Plaintiff's Second Amended Complaint that require a response.

73.     Defendants deny the allegations in paragraph 73 of Plaintiff's Second Amended Complaint.

74.     Regarding the allegations in paragraph 74 of Plaintiff's Second Amended Complaint, Defendants admit only that Laufenberg was Head of Human Resources of IMS during the relevant time period of Royal's temporary placement with IMS, but all other allegations in paragraph 74 of Plaintiff's Second Amended Complaint are denied by Defendants.

75.     Defendants are unable to admit or deny the allegations in paragraph 75 of Plaintiff's Second Amended Complaint, as they call for a legal conclusion.  To the extent a response is required, Defendants deny the allegations in paragraph 75 of Plaintiff's Second Amended Complaint.

76.     Defendants deny the allegations in paragraph 76 of Plaintiff's Second Amended Complaint.

77.     Defendants deny the allegations in paragraph 77 of Plaintiff's Second Amended Complaint.

78.     Defendants deny the allegations in paragraph 78 of Plaintiff's Second Amended Complaint.

79.     Defendants deny the allegations in paragraph 79 of Plaintiff's Second Amended Complaint.

80.     Paragraph 80 of Plaintiff's Second Amended Complaint states legal conclusions to which no responses are required.  The allegations in paragraph 80 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 80 of Plaintiff's Second Amended Complaint.

81.     Paragraph 81 of Plaintiff's Second Amended Complaint states legal conclusions to which no responses are required.  The allegations in paragraph 81 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 81 of Plaintiff's Second Amended Complaint.

82.     Defendants deny the allegations in paragraph 82 of Plaintiff's Second Amended Complaint.

83.     Defendants deny the allegations in paragraph 83 of Plaintiff's Second Amended Complaint.

84.     Defendants deny the allegations in paragraph 84 of Plaintiff's Second Amended Complaint.

85.     Defendants deny the allegations in paragraph 85 of Plaintiff's Second Amended Complaint.

86.     Defendants deny the allegations in paragraph 86 of Plaintiff's Second Amended Complaint.

87.     Defendants deny the allegations in paragraph 87 of Plaintiff's Second Amended Complaint.

88.     Defendants deny the allegations in paragraph 88 of Plaintiff's Second Amended Complaint.

89.     Regarding the allegations in paragraph 89 of Plaintiff's Second Amended

Complaint, Defendants admit only that Choi was a Director of Litigation Services for IMS at IMS's Austin facility located at 9900 Spectrum Drive, Austin, Texas 78717 during the relevant time period of Royal's temporary placement with IMS, but all other allegations in paragraph 89 of Plaintiff's Second Amended Complaint are denied by Defendants.

90.     Paragraph 90 of Plaintiff's Second Amended Complaint states legal conclusions to which no responses are required.  The allegations in paragraph 90 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 90 of Plaintiff's Second Amended Complaint.

91.     Paragraph 91 of Plaintiff's Second Amended Complaint states legal conclusions to which no responses are required.  The allegations in paragraph 91 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 91 of Plaintiff's Second Amended Complaint.

92.     Defendants deny the allegations in paragraph 92 of Plaintiff's Second Amended Complaint.

93.     Defendants deny the allegations in paragraph 93 of Plaintiff's Second Amended Complaint.

94.     Defendants deny the allegations in paragraph 94 of Plaintiff's Second Amended Complaint.

95.     Defendants deny the allegations in paragraph 95 of Plaintiff's Second Amended Complaint.

96.     Defendants deny the allegations in paragraph 96 of Plaintiff's Second Amended Complaint.

97.     Defendants deny the allegations in paragraph 97 of Plaintiff's Second Amended

Complaint.

98.     Defendants deny the allegations in paragraph 98 of Plaintiff's Second Amended Complaint.

99.     Defendants deny the allegations in paragraph 99 of Plaintiff's Second Amended Complaint.

100.    Defendants deny the allegations in paragraph 100 of Plaintiff's Second Amended Complaint.

101.    Defendants deny the allegations in paragraph 101 of Plaintiff's Second Amended Complaint.

102.    Defendants deny the allegations in paragraph 102 of Plaintiff's Second Amended Complaint.

103.    Defendants deny the allegations in paragraph 103 of Plaintiff's Second Amended Complaint.

104.    Defendants deny the allegations in paragraph 104 of Plaintiff's Second Amended Complaint.

105.    Defendants deny the allegations in paragraph 105 of Plaintiff's Second Amended Complaint.

106.    Defendants deny the allegations in paragraph 106 of Plaintiff's Second Amended Complaint.

107.    Defendants deny the allegations in paragraph 107 of Plaintiff's Second Amended Complaint.

108.    Regarding the allegations in paragraph 108 of Plaintiff's Second Amended Complaint, Defendants admit only that Hough was a Review Manager of IMS at IMS's Austin

facility located at 9900 Spectrum Drive, Austin, Texas 78717 during the relevant time period of Royal's temporary placement with IMS, but all other allegations in paragraph 108 of Plaintiff's Second Amended Complaint are denied by Defendants.

109.    Defendants deny the allegations in paragraph 109 of Plaintiff's Second Amended Complaint.

110.    Defendants deny the allegations in paragraph 110 of Plaintiff's Second Amended Complaint.

111.    Defendants deny the allegations in paragraph 111 of Plaintiff's Second Amended Complaint.

112.    Defendants deny the allegations in paragraph 112 of Plaintiff's Second Amended Complaint.

113.    Defendants deny the allegations in paragraph 113 of Plaintiff's Second Amended Complaint.

114.    Defendants deny the allegations in paragraph 114 of Plaintiff's Second Amended Complaint.

115.    Defendants deny the allegations in paragraph 115 of Plaintiff's Second Amended Complaint.

116.    Defendants deny the allegations in paragraph 116 of Plaintiff's Second Amended Complaint.

117.    Defendants deny the allegations in paragraph 117 of Plaintiff's Second Amended Complaint.

118.    Defendants deny the allegations in paragraph 118 of Plaintiff's Second Amended Complaint.

119.    Defendants deny the allegations in paragraph 119 of Plaintiff's Second Amended Complaint.

120.    Defendants deny the allegations in paragraph 120 of Plaintiff's Second Amended Complaint.

121.    Defendants deny the allegations in paragraph 121 of Plaintiff's Second Amended Complaint.

122.    Defendants deny the allegations in paragraph 122 of Plaintiff's Second Amended Complaint.

123.    Defendants deny the allegations in paragraph 123 of Plaintiff's Second Amended Complaint.

124.    Defendants move to strike the allegations in paragraph 124 of Plaintiff's Second Amended Complaint as being immaterial, impertinent, and/or scandalous to claims made the basis of Plaintiff's lawsuit.  Defendants deny the allegations in paragraph 124 of Plaintiff's Second Amended Complaint.

125.    Regarding the allegations in paragraph 125 of Plaintiff's Second Amended Complaint, Defendants admit only that Guckert was a Review Manager of IMS at IMS's Austin facility located at 9900 Spectrum Drive, Austin, Texas 78717 during the relevant time period of Royal's temporary placement with IMS, but all other allegations in paragraph 125 of Plaintiff's Second Amended Complaint are denied by Defendants.

126.    Defendants deny the allegations in paragraph 126 of Plaintiff's Second Amended Complaint.

127.    Defendants deny the allegations in paragraph 127 of Plaintiff's Second Amended Complaint.

128.   Defendants deny the allegations in paragraph 128 of Plaintiff's Second Amended Complaint.

129.   Defendants deny the allegations in paragraph 129 of Plaintiff's Second Amended Complaint.

130.   Defendants deny the allegations in paragraph 130 of Plaintiff's Second Amended Complaint.

131.   Defendants deny the allegations in paragraph 131 of Plaintiff's Second Amended Complaint.

132.   Defendants deny the allegations in paragraph 132 of Plaintiff's Second Amended Complaint.

133.   Defendants deny the allegations in paragraph 133 of Plaintiff's Second Amended Complaint.

134.   Defendants deny the allegations in paragraph 134 of Plaintiff's Second Amended Complaint.

135.   Defendants deny the allegations in paragraph 135 of Plaintiff's Second Amended Complaint.

136.   Defendants deny the allegations in paragraph 136 of Plaintiff's Second Amended Complaint.

137.   Defendants deny the allegations in paragraph 137 of Plaintiff's Second Amended Complaint.

138.   Regarding the allegations in paragraph 138 of Plaintiff's Second Amended Complaint, Defendants admit only that Abney was a Review Manager of IMS at IMS's Austin facility located at 9900 Spectrum Drive, Austin, Texas 78717 during the relevant time period of

Royal's temporary placement with IMS, but all other allegations in paragraph 138 of Plaintiff's Second Amended Complaint are denied by Defendants.

139.    Defendants deny the allegations in paragraph 139 of Plaintiff's Second Amended Complaint.

140.    Defendants deny the allegations in paragraph 140 of Plaintiff's Second Amended Complaint.

141.    Defendants deny the allegations in paragraph 141 of Plaintiff's Second Amended Complaint.

142.    Defendants deny the allegations in paragraph 142 of Plaintiff's Second Amended Complaint.

143.    Defendants deny the allegations in paragraph 143 of Plaintiff's Second Amended Complaint.

144.    Defendants deny the allegations in paragraph 144 of Plaintiff's Second Amended Complaint.

145.    Defendants deny the allegations in paragraph 145 of Plaintiff's Second Amended Complaint.

146.    Defendants deny the allegations in paragraph 146 of Plaintiff's Second Amended Complaint.

147.    Defendants deny the allegations in paragraph 147 of Plaintiff's Second Amended Complaint.

148.    Defendants deny the allegations in paragraph 148 of Plaintiff's Second Amended Complaint.

149.    Defendants deny the allegations in paragraph 149 of Plaintiff's Second Amended

Complaint.

150.    Defendants deny the allegations in paragraph 150 of Plaintiff's Second Amended Complaint.

151.    Defendants deny the allegations in paragraph 151 of Plaintiff's Second Amended Complaint.

152.    Defendants deny the allegations in paragraph 152 of Plaintiff's Second Amended Complaint.

153.    In response to paragraph 153 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

154.    Paragraph 154 of Plaintiff's Second Amended Complaint contains only a statement of the pleader and therefore does not require a response.  To the extent that a response is deemed required, Defendants deny allegations and further deny that the documents attached to Plaintiff's Verified Complaint and Plaintiff's Verified Amended Complaint prove that any Defendants is liable to Plaintiff or that Plaintiff has suffered any damages.

155.    Defendants deny that Plaintiff was employed directly with IMS.  Instead, Plaintiff was placed with IMS by a staffing agency.  To the extent a response is required, Defendants deny the allegations in paragraph 155 of Plaintiff's Second Amended Complaint.

156.    Paragraph 156 of Plaintiff's Second Amended Complaint states legal conclusions to which no responses are required.  The allegations in paragraph 156 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response. To the extent a response is required, Defendants deny the allegations in paragraph 156 of Plaintiff's Second Amended Complaint.

157.     Paragraph 157 of Plaintiff's Second Amended Complaint states legal conclusions to which no responses are required.  The allegations in paragraph 157 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response. To the extent a response is required, Defendants deny the allegations in paragraph 157 of Plaintiff's Second Amended Complaint.

158.     Defendants deny the allegations in paragraph 158 of Plaintiff's Second Amended Complaint.

159.     Defendants deny the allegations in paragraph 159 of Plaintiff's Second Amended Complaint.

160.     Defendants deny the allegations in paragraph 160 of Plaintiff's Second Amended Complaint.

161.     Defendants deny the allegations in paragraph 161 of Plaintiff's Second Amended Complaint.

162.     Defendants deny the allegations in paragraph 162 of Plaintiff's Second Amended Complaint.

163.     Defendants deny the allegations in paragraph 163 of Plaintiff's Second Amended Complaint.

164.     The allegations in paragraph 164 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 164 of Plaintiff's Second Amended Complaint.

165.     The allegations in paragraph 165 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 165 of Plaintiff's Second Amended Complaint.

166.    The allegations in paragraph 166 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 166 of Plaintiff's Second Amended Complaint.

167.    Defendants deny the allegations in paragraph 167 of Plaintiff's Second Amended Complaint.

168.    Defendants deny the allegations in paragraph 168 of Plaintiff's Second Amended Complaint.

169.    Defendants deny the allegations in paragraph 169 of Plaintiff's Second Amended Complaint.

170.    Defendants deny the allegations in paragraph 170 of Plaintiff's Second Amended Complaint.

171.    Defendants deny the allegations in paragraph 171 of Plaintiff's Second Amended Complaint.

172.    Defendants deny the allegations in paragraph 172 of Plaintiff's Second Amended Complaint.

173.    Defendants deny the allegations in paragraph 173 of Plaintiff's Second Amended Complaint.

174.    The allegations in paragraph 174 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

175.    The allegations in paragraph 175 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

176.    Defendants deny the allegations in paragraph 176 of Plaintiff's Second Amended Complaint.

177.    Defendants deny the allegations in paragraph 177 of Plaintiff's Second Amended Complaint.

178.    Defendants deny the allegations in paragraph 178 of Plaintiff's Second Amended Complaint.

179.    Defendants deny the allegations in paragraph 179 of Plaintiff's Second Amended Complaint.

180.    Defendants deny the allegations in paragraph 180 of Plaintiff's Second Amended Complaint.

181.    Defendants deny the allegations in paragraph 181 of Plaintiff's Second Amended Complaint.

182.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 of Plaintiff's Second Amended Complaint as to what Royal heard, Royal's interpretation of what he heard, what Royal believes, Royal's knowledge, or the sequence of events alleged by Royal.  Choi admits only that Royal made complaints to her about his computer.  Defendants otherwise deny the allegations in paragraph 182 of Plaintiff's Second Amended Complaint.

183.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183 of Plaintiff's Second Amended Complaint as to what Royal heard, Royal's interpretation of what he heard, what Royal believes, Royal's knowledge, or the sequence of events alleged by Royal.  Defendants otherwise deny the allegations in paragraph 183 of Plaintiff's Second Amended Complaint.

184.     Defendants deny the allegations in paragraph 184 of Plaintiff's Second Amended Complaint.

185.     Defendants deny the allegations made in paragraph 185 of Plaintiff's Second Amended Complaint.

186.     The allegations in paragraph 186 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

187.     The allegations in paragraph 187 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

188.     Defendants deny the allegations in paragraph 188 of Plaintiff's Second Amended Complaint.

189.     Defendants deny the allegations in paragraph 189 of Plaintiff's Second Amended Complaint.

190.     Choi admits that Plaintiff was directed to sit next to Guckert so that Guckert could assist Plaintiff with his work.  Defendants deny the remaining allegations in paragraph 190 of Plaintiff's Second Amended Complaint.

191.     Defendants deny the allegations in paragraph 191 of Plaintiff's Second Amended Complaint.

192.     Defendants deny the allegations made in paragraph 192 of Plaintiff's Second Amended Complaint.

193.     Defendants deny the allegations made in paragraph 193 of Plaintiff's Second Amended Complaint.

194.     The allegations in paragraph 194 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response. To the extent a response is required, Defendants deny the allegations in paragraph 194 of Plaintiff's Second Amended Complaint.

195.     Defendants move to strike the allegations made in paragraph 195 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 195 of Plaintiff's Second Amended Complaint.

196.     Defendants move to strike the allegations made in paragraph 196 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 196 of Plaintiff's Second Amended Complaint.

197.     Defendants move to strike the allegations made in paragraph 197 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 197 of Plaintiff's Second Amended Complaint.

198.     Defendants move to strike the allegations made in paragraph 198 of Plaintiff's Second Amended Complaint relating to violations of established Confidentiality Agreement(s) as such allegations are immaterial, impertinent, and scandalous.  Defendants otherwise deny the allegations made in paragraph 198 of Plaintiff's Second Amended Complaint.

199.     Defendants deny the allegations made in paragraph 199 of Plaintiff's Second Amended Complaint.

200.     Defendants deny the allegations made in paragraph 200 of Plaintiff's Second Amended Complaint.

201.    Defendants deny the allegations made in paragraph 201 of Plaintiff's Second Amended Complaint.

202.    Defendants deny the allegations made in paragraph 202 of Plaintiff's Second Amended Complaint.

203.    Defendants move to strike the allegations made in paragraph 203 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 203 of Plaintiff's Second Amended Complaint.

204.    Defendants move to strike the allegations made in paragraph 204 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 204 of Plaintiff's Second Amended Complaint.

205.    Defendants move to strike the allegations made in paragraph 205 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 205 of Plaintiff's Second Amended Complaint.

206.    Defendants move to strike the allegations made in paragraph 206 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 206 of Plaintiff's Second Amended Complaint.

207.    Defendants move to strike the allegations made in paragraph 207 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 207 of Plaintiff's Second Amended

Complaint.

208.     Defendants deny the allegations made in paragraph 208 of Plaintiff's Second Amended Complaint.

209.     The allegations in paragraph 209 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response and are otherwise denied by Defendants.

210.     Defendants deny the allegations made in paragraph 210 of Plaintiff's Second Amended Complaint.

211.     Defendants deny the allegations made in paragraph 211 of Plaintiff's Second Amended Complaint.

212.     Abney and Guckert admit only that Plaintiff advised that he was intermittently experiencing alleged computer problems, but that Plaintiff's alleged computer problems were not visible and/or could not be replicated.   Defendants otherwise deny the allegations made in paragraph 212 of Plaintiff's Second Amended Complaint.

213.     Defendants deny the allegations made in paragraph 213 of Plaintiff's Second Amended Complaint except Defendants admit the allegation that Royal coded a significantly smaller number of documents per hour than other document reviewers.

214.     Defendants deny the allegations made in paragraph 214 of Plaintiff's Second Amended Complaint.

215.     Defendants deny the allegations made in paragraph 215 of Plaintiff's Second Amended Complaint.

216.     Defendants deny the allegations made in paragraph 216 and n.1 of Plaintiff's Second Amended Complaint.

217.     Defendants deny the allegations made in paragraph 217 of Plaintiff's Second

Amended Complaint.

218.    Defendants deny the allegations made in paragraph 218 of Plaintiff's Second Amended Complaint.

219.    The allegations in paragraph 219 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

220.    The allegations in paragraph 220 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

221.    Defendants deny the allegations made in paragraph 221 of Plaintiff's Second Amended Complaint.

222.    Defendants deny the allegations made in paragraph 222 of Plaintiff's Second Amended Complaint.

223.    Helfand and IMS admit that only after Plaintiff's placement as a document review attorney with IMS was concluded (i.e. only after August 17, 2018), Plaintiff complained to Helfand alleging he was treated differently than other IMS employees.  Defendants deny the remaining allegations made in paragraph 223 of Plaintiff's Second Amended Complaint.

224.    Defendants deny the allegations made in paragraph 224 of Plaintiff's Second Amended Complaint.

225.    Defendants move to strike the allegations made in paragraph 225 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous.  To the extent a response is required, IMS admits that Plaintiff threatened litigation to Derek Drizin after August 17, 2018. Defendants deny the remaining allegations made in paragraph 225 of

Plaintiff's Second Amended Complaint

226.    Defendants deny the allegations made in paragraph 226 of Plaintiff's Second Amended Complaint.

227.    Defendants deny the allegations made in paragraph 227 of Plaintiff's Second Amended Complaint.

228.    Defendants deny the allegations made in paragraph 228 of Plaintiff's Second Amended Complaint.

229.    The allegations in paragraph 229 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 229 of Plaintiff's Second Amended Complaint.

230.    The allegations in paragraph 230 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response.  To the extent a response is required, Defendants deny the allegations in paragraph 230 of Plaintiff's Second Amended Complaint.

231.    Defendants deny the allegations made in paragraph 231 of Plaintiff's Second Amended Complaint.

232.    Defendants deny the allegations made in paragraph 232 of Plaintiff's Second Amended Complaint.

233.    Defendants deny the allegations made in paragraph 233 of Plaintiff's Second Amended Complaint.

234.    Defendants deny the allegations made in paragraph 234 of Plaintiff's Second Amended Complaint.

235.    Defendants move to strike the allegations made in paragraph 235 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous.

Defendants otherwise deny the allegations made in paragraph 235 of Plaintiff's Second Amended Complaint.

236.    Defendants move to strike the allegations made in paragraph 236 of Plaintiff's Second Amended Complaint as such allegations are immaterial, impertinent, and scandalous. Defendants otherwise deny the allegations made in paragraph 236 of Plaintiff's Second Amended Complaint.

237.    Defendants deny the allegations made in paragraph 237 of Plaintiff's Second Amended Complaint.

238.    Defendants deny the allegations made in paragraph 238 of Plaintiff's Second Amended Complaint.

239.    Defendants deny the allegations made in paragraph 239 of Plaintiff's Second Amended Complaint.

240.    Defendants deny the allegations made in paragraph 240 of Plaintiff's Second Amended Complaint.

241.    Defendants deny the allegations made in paragraph 241 of Plaintiff's Second Amended Complaint.

242.    Defendants deny the allegations made in paragraph 242 of Plaintiff's Second Amended Complaint.

243.    Defendants deny the allegations made in paragraph 243 of Plaintiff's Second Amended Complaint.

244.    Defendants deny the allegations made in paragraph 244 of Plaintiff's Second Amended Complaint.

245.    Defendants deny the allegations made in paragraph 245 of Plaintiff's Second

Amended Complaint.

246.    Defendants deny the allegations made in paragraph 246 of Plaintiff's Second Amended Complaint.

247.    The allegations in paragraph 247 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

248.    The allegations in paragraph 248 of Plaintiff's Second Amended Complaint are too vague and ambiguous to permit a response, state legal conclusions, and are otherwise denied by Defendants.

249.    Defendants deny the allegations made in paragraph 249 of Plaintiff's Second Amended Complaint.

250.    Defendants deny the allegations made in paragraph 250 of Plaintiff's Second Amended Complaint.

251.    Defendants deny the allegations made in paragraph 251 of Plaintiff's Second Amended Complaint.

252.    Defendants deny the allegations made in paragraph 252 of Plaintiff's Second Amended Complaint.

253.    Defendants deny the allegations made in paragraph 253 of Plaintiff's Second Amended Complaint.

254.    Defendants deny the allegations made in paragraph 254 of Plaintiff's Second Amended Complaint.

255.    Defendants deny the allegations made in paragraph 255 of Plaintiff's Second Amended Complaint.

256.    Defendants deny the allegations made in paragraph 256 of Plaintiff's Second Amended Complaint.

257.    Defendants deny the allegations made in paragraph 257 of Plaintiff's Second Amended Complaint.

258.    Paragraph 258 of Plaintiff's Second Amended Complaint contains only a statement of the pleader or legal conclusions and therefore does not require a response. To the extent that a response is deemed required, the allegations in paragraph 258 of Plaintiff's Second Amended Complaint are otherwise denied by Defendants.

259.    Defendants deny the allegations made in paragraph 259 of Plaintiff's Second Amended Complaint.

260.    Defendants deny the allegations made in paragraph 260 of Plaintiff's Second Amended Complaint.

261.    Defendants deny the allegations made in paragraph 261 of Plaintiff's Second Amended Complaint.

262.    Defendants lack knowledge or information sufficient to form a belief about the truth of Royal's allegation regarding Cobra Legal Solutions, Inc. To the extent a response is required, Defendants deny the allegations made in paragraph 262 of Plaintiff's Second Amended Complaint.

263.    Defendants lack knowledge or information sufficient to form a belief about the truth of Royal's allegations made in paragraph 263 of Plaintiff's Second Amended Complaint.  To the extent a response is required, Defendants deny the allegations made in paragraph 263 of Plaintiff's Second Amended Complaint

264.    Defendants lack knowledge or information sufficient to form a belief about the truth of Royal's job applications in response to Cobra Legal Solutions, Inc.'s job announcements.

Defendants further deny the allegations made in paragraph 264 of Plaintiff's Second Amended Complaint.

265.    Paragraph 265 of Plaintiff's Second Amended Complaint contains only a statement of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 265 of Plaintiff's Second Amended Complaint are denied by Defendants.

266.    Paragraph 266 of Plaintiff's Second Amended Complaint contains only a statement of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 266 of Plaintiff's Second Amended Complaint are denied by Defendants.

267.    Paragraph 267 of Plaintiff's Second Amended Complaint contains only a statement of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 267 of Plaintiff's Second Amended Complaint are denied by Defendants.

268.    Paragraph 268 of Plaintiff's Second Amended Complaint contains only a statement of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 268 of Plaintiff's Second Amended Complaint are denied by Defendants.

269.    IMS admits that it consistently advertises for electronic document reviewers in Austin, Texas.  Defendants deny the remaining allegations made in paragraph 269 of Plaintiff's Second Amended Complaint

270.    IMS admits the allegations made in paragraph 270 of Plaintiff's Second Amended Complaint, but IMS denies that the allegations give rise to a claim or cause of action.  Because the

allegations in paragraph 270 of Plaintiff's Second Amended Complaint are directed only to IMS, no response is required from the remaining Defendants.  To the extent a response is required, denied.

271.    IMS admits the allegations made in paragraph 271 of Plaintiff's Second Amended Complaint, but IMS denies that the allegations give rise to a claim or cause of action.  Because the allegations in paragraph 271 of Plaintiff's Second Amended Complaint are directed only to IMS, no response is required from the remaining Defendants. To the extent a response is required, denied.

272.    IMS admits the allegations made in paragraph 272 of Plaintiff's Second Amended Complaint, but IMS denies that the allegations give rise to a claim or cause of action.  Because the allegations in paragraph 272 of Plaintiff's Second Amended Complaint are directed only to IMS, no response is required from the remaining Defendants. To the extent a response is required, denied.

273.    Defendants deny the allegations made in paragraph 273 of Plaintiff's Second Amended Complaint and further deny that the allegations give rise to a claim or cause of action.

274.    Paragraph 274 of Plaintiff's Second Amended Complaint contains only statements of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 274 of Plaintiff's Second Amended Complaint are denied by Defendants and Defendants further deny that the allegations give rise to a Title VII claims or causes of action.

275.    Paragraph 275 of Plaintiff's Second Amended Complaint contains only statements of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 275 of Plaintiff's Second Amended

Complaint are denied by Defendants and Defendants further deny that the allegations give rise to a Title VII claims or causes of action.

276.    Paragraph 276 of Plaintiff's Second Amended Complaint contains only statements of the pleader or legal conclusions and therefore does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 276 of Plaintiff's Second Amended Complaint are denied by Defendants and Defendants further deny that the allegations give rise to a Title VII claims or causes of action.

277.    In response to paragraph 277 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

278.    Defendants deny the allegations made in paragraph 278 of Plaintiff's Second Amended Complaint.

279.    Defendants deny the allegations made in paragraph 279 of Plaintiff's Second Amended Complaint.

280.    Defendants deny the allegations made in paragraph 280 of Plaintiff's Second Amended Complaint.

281.    Defendants deny the allegations made in paragraph 281 of Plaintiff's Second Amended Complaint.

282.    In response to paragraph 282 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

283.    Defendants deny the allegations made in paragraph 283 of Plaintiff's Second Amended Complaint.

284.     Defendants deny the allegations made in paragraph 284 of Plaintiff's Second Amended Complaint.

285.     Defendants deny the allegations made in paragraph 285 of Plaintiff's Second Amended Complaint.

286.     Defendants deny the allegations made in paragraph 286 of Plaintiff's Second Amended Complaint.

287.     Defendants deny the allegations made in paragraph 287 of Plaintiff's Second Amended Complaint.

288.     Defendants deny the allegations made in paragraph 288 of Plaintiff's Second Amended Complaint.

289.     Defendants deny the allegations made in paragraph 289 of Plaintiff's Second Amended Complaint.

290.     Defendants deny the allegations made in paragraph 290 of Plaintiff's Second Amended Complaint.

291.     Defendants deny the allegations made in paragraph 291 of Plaintiff's Second Amended Complaint.

292.     Defendants deny the allegations made in paragraph 292 of Plaintiff's Second Amended Complaint.

293.     In response to paragraph 293 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

294.     Defendants deny the allegations made in paragraph 294 of Plaintiff's Second Amended Complaint.

295.    Defendants deny the allegations made in paragraph 295 of Plaintiff's Second Amended Complaint.

296.    Defendants deny the allegations made in paragraph 296 of Plaintiff's Second Amended Complaint.

297.    Defendants deny the allegations made in paragraph 297 of Plaintiff's Second Amended Complaint.

298.    Defendants deny the allegations made in paragraph 298 of Plaintiff's Second Amended Complaint.

299.    Defendants deny the allegations made in paragraph 299 of Plaintiff's Second Amended Complaint.

300.    In response to paragraph 300 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

301.    Defendants deny the allegations made in paragraph 301 of Plaintiff's Second Amended Complaint.

302.    Defendants deny the allegations made in paragraph 302 of Plaintiff's Second Amended Complaint.

303.    Defendants deny the allegations made in paragraph 303 of Plaintiff's Second Amended Complaint.

304.    In response to paragraph 304 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

305.    Defendants deny the allegations made in paragraph 305 of Plaintiff's Second

Amended Complaint.

306.   Defendants deny the allegations made in paragraph 306 of Plaintiff's Second Amended Complaint.

307.   Defendants deny the allegations made in paragraph 307 of Plaintiff's Second Amended Complaint.

308.   In response to paragraph 308 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

309.   Defendants deny the allegations made in paragraph 309 of Plaintiff's Second Amended Complaint.

310.   Defendants deny the allegations made in paragraph 310 of Plaintiff's Second Amended Complaint.

311.   Defendants deny the allegations made in paragraph 311 of Plaintiff's Second Amended Complaint.

312.   Defendants deny the allegations made in paragraph 312 of Plaintiff's Second Amended Complaint.

313.   Defendants deny the allegations made in paragraph 313 of Plaintiff's Second Amended Complaint.

314.   Defendants deny the allegations made in paragraph 314 of Plaintiff's Second Amended Complaint.

315.   In response to paragraph 315 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

316.     Defendants deny the allegations made in paragraph 316 of Plaintiff's Second Amended Complaint.

317.     Defendants deny the allegations made in paragraph 317 of Plaintiff's Second Amended Complaint.

318.     Defendants deny the allegations made in paragraph 318 of Plaintiff's Second Amended Complaint.

319.     Defendants deny the allegations made in paragraph 319 of Plaintiff's Second Amended Complaint.

320.     Defendants deny the allegations made in paragraph 320 of Plaintiff's Second Amended Complaint.

321.     Defendants deny the allegations made in paragraph 321 of Plaintiff's Second Amended Complaint.

322.     Defendants deny the allegations made in paragraph 322 of Plaintiff's Second Amended Complaint.

323.     In response to paragraph 323 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

324.     Defendants deny the allegations made in paragraph 324 of Plaintiff's Second Amended Complaint.

325.     Defendants deny the allegations made in paragraph 325 of Plaintiff's Second Amended Complaint.

326.     Defendants deny the allegations made in paragraph 326 of Plaintiff's Second Amended Complaint.

327.    Defendants deny the allegations made in paragraph 327 of Plaintiff's Second Amended Complaint.

328.    Defendants deny the allegations made in paragraph 328 of Plaintiff's Second Amended Complaint.

329.    Defendants deny the allegations made in paragraph 329 of Plaintiff's Second Amended Complaint.

330.    Defendants deny the allegations made in paragraph 330 of Plaintiff's Second Amended Complaint.

331.    In response to paragraph 331 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

332.    Defendants deny the allegations made in paragraph 332 of Plaintiff's Second Amended Complaint.

333.    Defendants deny the allegations made in paragraph 333 of Plaintiff's Second Amended Complaint.

334.    Defendants deny the allegations made in paragraph 334 of Plaintiff's Second Amended Complaint.

335.    Defendants deny the allegations made in paragraph 335 of Plaintiff's Second Amended Complaint.

336.    Defendants deny the allegations made in paragraph 336 of Plaintiff's Second Amended Complaint.

337.    Defendants deny the allegations made in paragraph 337 of Plaintiff's Second Amended Complaint.

338.    Defendants deny the allegations made in paragraph 338 of Plaintiff's Second Amended Complaint.

339.    Defendants deny the allegations made in paragraph 339 of Plaintiff's Second Amended Complaint.

340.    In response to paragraph 340 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

341.    Defendants deny the allegations made in paragraph 341 of Plaintiff's Second Amended Complaint.

342.    Defendants deny the allegations made in paragraph 342 of Plaintiff's Second Amended Complaint.

343.    Defendants deny the allegations made in paragraph 343 of Plaintiff's Second Amended Complaint.

344.    Defendants deny the allegations made in paragraph 344 of Plaintiff's Second Amended Complaint.

345.    Defendants deny the allegations made in paragraph 345 of Plaintiff's Second Amended Complaint.

346.    Defendants deny the allegations made in paragraph 346 of Plaintiff's Second Amended Complaint.

347.    Defendants deny the allegations made in paragraph 347 of Plaintiff's Second Amended Complaint.

348.    Defendants deny the allegations made in paragraph 348 of Plaintiff's Second Amended Complaint.

349.     Defendants deny the allegations made in paragraph 349 of Plaintiff's Second Amended Complaint.

350.     Defendants deny the allegations made in paragraph 350 of Plaintiff's Second Amended Complaint.

351.     Defendants deny the allegations made in paragraph 351 of Plaintiff's Second Amended Complaint.

352.     In response to paragraph 352 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

353.     In response to paragraph 353 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

354.     Defendants deny the allegations made in paragraph 354 of Plaintiff's Second Amended Complaint.

355.     Defendants deny the allegations made in paragraph 355 of Plaintiff's Second Amended Complaint.

356.     In response to paragraph 356 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

357.     In response to paragraph 357 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

358.     Defendants deny the allegations made in paragraph 358 of Plaintiff's Second

Amended Complaint.

359.    Defendants deny the allegations made in paragraph 359 of Plaintiff's Second Amended Complaint.

360.    In response to paragraph 360 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

361.    In response to paragraph 361 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

362.    In response to paragraph 362 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

363.    In response to paragraph 363 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

364.    In response to paragraph 364 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

365.    In response to paragraph 365 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

366.    In response to paragraph 366 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set

forth herein.

367.   In response to paragraph 367 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

368.   In response to paragraph 368 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

369.   In response to paragraph 369 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

370.   In response to paragraph 370 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

371.   Defendants deny the allegations made in paragraph 371 of Plaintiff's Second Amended Complaint.

372.   Defendants deny the allegations made in paragraph 372 of Plaintiff's Second Amended Complaint.

373.   Defendants deny the allegations made in paragraph 373 of Plaintiff's Second Amended Complaint.

374.   Defendants deny the allegations made in paragraph 374 of Plaintiff's Second Amended Complaint.

375.   Defendants deny the allegations made in paragraph 375 of Plaintiff's Second Amended Complaint.

376.    Defendants deny the allegations made in paragraph 376 of Plaintiff's Second Amended Complaint.

377.    In response to paragraph 377 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

378.    In response to paragraph 378 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

379.    In response to paragraph 379 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

380.    Defendants deny the allegations made in paragraph 380 of Plaintiff's Second Amended Complaint.

381.    Defendants deny the allegations made in paragraph 381 of Plaintiff's Second Amended Complaint.

382.    In response to paragraph 382 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

383.    Defendants deny the allegations made in paragraph 383 of Plaintiff's Second Amended Complaint.

384.    Defendants deny the allegations made in paragraph 384 of Plaintiff's Second Amended Complaint.

385.    In response to paragraph 385 of Plaintiff's Second Amended Complaint,

Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

386.    Defendants deny the allegations made in paragraph 386 of Plaintiff's Second Amended Complaint.

387.    Defendants deny the allegations made in paragraph 387 of Plaintiff's Second Amended Complaint.

388.    In response to paragraph 388 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

389.    Defendants deny the allegations made in paragraph 389 of Plaintiff's Second Amended Complaint.

390.    No response required.

391.    Defendants deny the allegations made in paragraph 391 of Plaintiff's Second Amended Complaint.

392.    In response to paragraph 392 of Plaintiff's Second Amended Complaint, Defendants repeat and reallege each and every response to the preceding paragraphs as if fully set forth herein.

393.    Defendants deny the allegations made in paragraph 393 of Plaintiff's Second Amended Complaint.

394.    Defendants deny the allegations made in paragraph 394 of Plaintiff's Second Amended Complaint.

395.    Defendants deny that Plaintiff is entitled to the relief Plaintiff seeks in the prayer sections to Plaintiff's Second Amended Complaint, including (a) – (ab).

# III.
## AFFIRMATIVE DEFENSES

Defendants state the following affirmative defenses to Plaintiff's Second Amended Complaint (and any supplements or amendments thereto), but they do not assume the burden of proof on any such defenses, except as otherwise required by law. Defendants reserve the right to assert additional defenses and to otherwise supplement or amend their Answer. Each of these defenses is pled in the alternative, as all liability is denied:

1.      Plaintiff's claims are barred by the statute of limitations.

2.      Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages.

3.      Defendants are entitled to an offset from damages, if any, for other income received by Plaintiff, including but not limited to other employment and unemployment benefits.

4.      Plaintiff's claims are barred because his placement with IMS ended for a legitimate, nondiscriminatory business reasons.

5.      Plaintiff's claims are barred because each and every act done or statement made by Defendants, and their officers, employees, and agents, with reference to the matters at issue, was done within the scope of its discretionary authority, in the exercise of proper managerial discretion, and with a reasonable and good faith belief that their actions at all times were lawful, proper and justified.

6.      Plaintiff's claims are barred because Defendants' decisions with respect to Plaintiff's placement / work with IMS were justified based upon their judgment of qualifications, effort, experience, responsibility, business revenues, market conditions, and/or other *bona fide* qualifications.

7.      Without waiver of Plaintiff's burden to prove that his alleged termination was motivated by an impermissible factor, any finding that an adverse employment action taken by Defendants was an unlawful employment practice is countered by the fact that Defendants would have taken the same action in the absence of any such impermissible factor and regardless of Plaintiff's protected status.

8.      Defendants did not act with malice or reckless indifference toward Plaintiff, nor have Defendants ever acted with the specific intent to cause substantial injury to Plaintiff, precluding Plaintiff's claims for exemplary or punitive damages.

9.      Plaintiff's claim for exemplary damages is barred because Defendants had anti-discrimination policies and procedures in place and made good faith efforts to educate their employees on those policies and procedures.

10.     Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies.

11.     Plaintiff's claims are barred for failure to satisfy all conditions precedent.

12.     Defendants allege that Plaintiff's Second Amended Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

13.     Defendants invoke the limits on recovery of compensatory and exemplary damages under Federal and Texas law.

14.     Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, and unclean hands.

15.     Plaintiff's intentional infliction of emotional distress claim is barred by his election to pursue damages under federal discrimination statutes.

16.     Defendants reserve all affirmative defenses under Rule 8 (c) of the Federal Rules of Civil Procedure, and any other defenses at law or in equity that may now exist or in the future exist based on discovery and further factual investigation of this case.

## IV.
## CONCLUSION AND PRAYER

Defendants pray that Plaintiff take nothing by way of Plaintiff's Second Amended Complaint, and that this Court grant Defendants their fees, costs and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendants may be justly entitled.

Respectfully submitted,

By:     */s/ Andrew M. Scott*
         Andrew M. Scott
         Attorney in Charge
         Texas Bar No.: 24075042
         Federal I.D. No. 1128461
         1900 West Loop South, Suite 1000
         Houston, Texas 77027
         Telephone: (713) 961-3366
         E-mail: ascott@grsm.com

         **ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**GORDON & REES, LLP**

Robert L. Horn
Texas Bar No.: 24046107
Federal I.D. No. 60223
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
rhorn@grsm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that Plaintiff was served on this day of June 1, 2020 with a copy of this document via e-mail and electronically using the CM/ECF system, which automatically sends notice and copy of the filing to all parties of record through the Court electronic filing system, and via certified mail/return receipt requested and US Mail.


*/s/ Andrew M. Scott*
Andrew M. Scott