IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GREGORY ROYAL, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 1:19-CV-822-RP-ML |
| § | |
| INTEGREON MANAGED SOLUTIONS, § | |
| INC., § | |
| § | |
| Defendant, individually and jointly, § | |
| § | |
| MARNI HELFAND, § | |
| § | |
| Co-Defendant, individually and jointly, § | |
| § | |
| JULIE LAUFENBERG, § | |
| § | |
| Co-Defendant, individually and jointly, § | |
| § | |
| HAILEY CHOI, § | |
| § | |
| Co-Defendant, individually and jointly, § | |
| § | |
| CATHERINE HOUGH, § | |
| § | |
| Co-Defendant, individually and jointly, § | |
| § | |
| JASON GUCKERT, § | |
| § | |
| Co-Defendant, individually and jointly, § | |
| § | |
| ANGELA ABNEY, § | |
| § | |
| Co-Defendant, individually and jointly. § | |

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants Integreon Managed Solutions, Inc. ("IMS"), Marni Helfand ("Helfand"), Hailey Choi ("Choi"), Catherine Hough ("Hough"), Jason Guckert ("Guckert"), Angela Abney

("Abney") and Julie Laufenberg ("Laufenberg") (collectively referred to as "Defendants") file this Motion for Sanctions against Plaintiff Gregory Royal ("Plaintiff"), and in support thereof, Defendants would respectfully show the Court the following:

## I.
## MATERIAL FACTS

Pursuant to FED. R. CIV. P. 5 & 11, and Local Rule CV-7(i), on August 26, 2020, Counsel for Defendants made an attempt to confer with Plaintiff via e-mail and letter regarding the relief sought in this Motion. *See* Exhibit 1 attached hereto and incorporated by reference. Counsel for Defendants also intended to call Plaintiff and confer about the relief sought in this Motion after sending Plaintiff a draft of this Motion. However, Plaintiff's four (4) mail replies during the early morning hours of August 27, 2020 to Defendants' Counsel eliminated the need for a telephone conference with Plaintiff regarding the relief sought in this Motion. *See* Exhibit 2 attached hereto and incorporated by reference. Defendants have given Plaintiff more than twenty-one (21) days to consider the Motion. Accordingly, this Motion is ripe for filing.

Plaintiff routinely files documents that engage or attack Defendants or Defendants' counsel with accusations of fraud, deceit, or other abusive conduct merely because Defendants take factual or legal positions with which Plaintiff disagrees. For example, Plaintiff's Motion for Judicial Notice [Doc. 28-1] contains the following accusations:

- "Defendants . . . via their attorneys . . . have chosen to engaged [sic] in submarine tactics and repetitious piecemeal filing of a deluge of motions aimed at attempting to harass and inundate Royal because he is a *pro se* litigant."[1]

- "Without merit and continuing to sign a deluge of piecemeal motions directed at the waived personal jurisdiction, partner Scott and senior attorney Horn exploit submarine tactics . . ."[2]

---

[1] [Doc. 28-1, p.1, ¶ 3]
[2] *Id.,* at p. 2, ¶ 7.

2

- "With their malicious intent to harass and inundate Royal via an abuse/misuse of motion practice, Defendants chose to employ Derek Drizin to make his affidavit that is based on a mountain of evidence an apparent known commission of an intentional perjury.[3]

Document 44, Plaintiff's Verified Response to Defendants' Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike, contains similar accusations even going so far as to claim that Defendants attempt to improperly gain favor with the Court:

- Contrary to Defendants' attempt to covertly gain favor from the Court and its prejudice against Royal. Royal is not an attorney licensed under the laws of the State of Texas. An ordinary person having a reasonable mind would likely find that Defendants' sole purpose for stating "Plaintiff Gregory Royal who is an attorney by trade" is a covert attempt to gain favor from the Court and evoke prejudice from the Court against Royal.[4]

- Defendants consistently espouse their penchant for making false and unsubstantiated accusations for their malicious and unethical intent to cause injuries to Royal.[5]

- Unclean Hands: Defendants come before this Court with their unclean hands of fraud, misrepresentations of truth, deceit, and dishonesty. Via their unclean hands, Defendants act to commit fraud on the Court. Defendants knowingly and intentionally act to deceive and defraud the Court out of favorable rulings and plot and calculate to commit known and intentional perjuries on the witness stand during the forthcoming jury trial.[6]

- IMS, Hough, Laufenberg, and Helfand now act with their deceitful and deliberate intent to conceal the attorney(s) of client law firm and the respective discussion from this proceeding, Royal, and the Court. Defendants act with their known, intentional, and deceitful intent to commit fraud on the Court.[7]

Again, in Document 50, Plaintiff's Verified Motion to Strike, Plaintiff levels a multitude of accusations against *everyone*:

- Unethical conduct is impermissible Defendants' attempt to commit fraud

---

[3] *Id.,* at p. 2, 11.
[4] [Doc. 44, p. 2]
[5] *Id.*, at n. 1.
[6] *Id.*, at p. 3.
[7] *Id.*, at p. 3.

3

on Royal and this Court should not be tolerated.[8]

- On 18 June 2020, Defendants knowingly, maliciously, and improperly attempted to submarine attack Royal and calculated to defraud the Court by intentionally with their deceitful intent lay in wait to modify, change, and add conclusory statements, statements they knew to be false at that time Doc. 48 was filed, and statements they knew were refuted by evidence already in the Defendants' possession. Defendants also unethically attempt to place additional new arguments within their Answers of Doc. 48.[9]

- Unclean Hands: Defendants come before this Court with their unclean hands of fraud, misrepresentations of truth, deceit, and dishonesty, regarding Doc. 48. Via their unclean hands, Defendants act to commit fraud on the Court. Defendants knowingly and intentionally act to deceive and defraud the Court out of favorable rulings and plot and calculate to commit known and intentional perjuries on the witness stand during the forthcoming jury trial.[10]

- IMS, Hough, Laufenberg, and Helfand now act with their deceitful and deliberate intent to conceal the attorney(s) of client law firm and the respective discussion from this proceeding, Royal, and the Court. Defendants act with their known, intentional, and deceitful intent to commit fraud on the Court.[11]

- Defendants improperly and in a deceitful and unethical manner attempted to commit fraud on Royal and this Court by adding "for damages" to the first sentence. Defendants also improperly and in a deceitful and unethical manner attempted to commit fraud on Royal and this Court by adding . . .[12]

- Defendants improperly and in a deceitful and unethical manner attempted to commit fraud on Royal and this Court by adding "are preempted and" and "or in the alternative barred pursuant to alternative statutes" to paragraph 15.[13]

- Unclean Hands: Defendants come before this Court with their unclean hands of fraud, misrepresentations of truth, deceit, and dishonesty. Via their unclean hands, Defendants act to commit fraud on the Court. Defendants knowingly and intentionally act to deceive and defraud the Court out of favorable rulings and plot and calculate to commit known and intentional

---

[8] [Doc 50, p.1, ¶ 1]
[9] *Id.*, at pp. 1-2, ¶ 2.
[10] *Id.*, at p. 4, ¶ 1.
[11] *Id.*, p. 5, ¶ 1.
[12] *Id.*, p. 8, ¶ 9.
[13] *Id.*, p. 9, ¶ 15.

perjuries on the witness stand during the forthcoming jury trial.[14]

These types of ad hominem attacks only serve to multiply and delay proceedings, in direct conflict with the Court's and the Federal Rules' preference for deciding disputes on the merits.

Given the seemingly endless accusations of misconduct levied against all involved in this litigation, Plaintiff continuously violates FED. R. CIV. P. 11 and/or 28 U.S.C. § 1927.

Plaintiff has filed with the Court at least four documents admitting under oath or declaring under penalty of perjury that "[he] was employed with [IMS] from 30 May 2018 – *17 August 2018*" or that the latest date in which discrimination took place was "*08-17-2018*" or  that he ". . . was terminated on *August 17, 2018*".  [Doc. 1, p. 2, ¶ 6 (emphasis added), p. 15 (emphasis added); Doc. 1-1, p. 3 (emphasis added); Doc. 6, p. 7 (emphasis added); Doc. 18, p. 6, ¶ 30 (emphasis added), p. 19 (emphasis added)].  Plaintiff further corroborated his engagement dates with IMS, and, necessarily, his termination date, through e-mails Plaintiff attached his Verified Original Complaint as Doc. 1-1, p. 24:

> 8/20/2019   Case 1:19-cv-00822-RP-ML   Document-1-1 Filed 08/20/19   Page 24 of 24
>
> **Re: Austin Attorney - Gregory Royal**
>
> GA R
> Fri 8/17/2018 6:18 AM
> To: Matt Pordum <matt@synergylegalstaffing.com>
> Cc: Karen J. Pordum <karen@synergylegalstaffing.com>
>
> Ms. Pordum, there is plenty of work at Integreon, eg, a new Lipitor project under Catherine Hughes has just begun and the training occurred yesterday.
>
> ==I have effectively been wrongfully terminates because I simply refuse to, in essence, steal money from clients.==
>
> This is a very bad issue here wherein I will not allow Unscrupulous Integreon employees in positions of authority to harass, oppress, maliciously damage me, because I have been a very good employee.
>
> ==«[Integreon not having] anymore work for me" is merely a coverup and a pretext for the racial discrimination, hostile environment, and workplace harassment a few Integreon project managers/team leads in a conspiracy carries out against me.==
>
> I would first like to discuss this with you and then I would like both of us to have a meeting with someone over Haley Choi's title at Integreon.
>
> Respectfully,
> Gregory
>
> Sent from my iPhone

---

[14]  *Id.*, p. 12, ¶ 1.

> On Aug 17, 2018, at 8:01 AM, Matt Pordum <matt@synergylegalstaffing.com> wrote:
>
> Good Morning Karen,
>
> I've copied Austin attorney Gregory Royal to this email. I released Gregory Royal moments ago from his project at Integreon at their request due to their not being any additional work for him.
>
> Gregory would like to speak with you about his release when you are able.
>
> Thanks in advance for your assistance with his situation,
>
> Matt
>
> Matthew Pordum
> Placement Director
> Synergy Legal Staffing

Nevertheless, and despite the evidence, Plaintiff filed his Motion for Equitable Estoppel against Defendants and Motion for Declaratory Judgment [Doc. 59] in which he makes the disingenuous claim that ". . . the first date that [he] could have learned about IMS discharging [him]—*i.e.* IMS taking adverse action against him—was on **20 August 2018** . . ." in an attempt to keep his Title VII claim alive. [Doc. 59, p. 2, ¶ 1]. Moreover, Plaintiff attaches evidence to very same motion that again directly undermines the August 20, 2018 date:

> From: GA R <gregoryaroyalesq@outlook.com<mailto:gregoryaroyalesq@outlook.com>>
> Sent: Monday, June 17, 2019 10:32 AM
> To: U.S. Equal Employment Opportunity Commission; info@eeoc.gov<mailto:info@eeoc.gov>
> Subject: Re: US EEOC has Prepared Charge 451-2019-02769 for Your Review
>
> The respective deadline would be June 13, 2019 for a filing date deadline would be and not May 30, 2019. 300 days from August 17, 2019 the day
>
> Please correct this. Thank you very much.
>
> Sincerely,
>
> Gregory Allen Royal

[Doc. 59, p. 11]

The Supreme Court made clear in *Edelman v. Lynchburg College* that verification of a charge (and, by extension, an intake questionnaire that qualifies as a charge) "protects employers from the disruption and expense of responding to a claim unless a complainant is serious enough

6

and sure enough to support it by oath subject to liability for perjury." *Edelman v. Lynchburg College*, 535 U.S. 106, 113, 118 (2002).

The filing deadline for his Charge of Discrimination was, at the latest, Thursday, June 13, 2019, 300 days after the August 17, 2018 termination date.[15]  Plaintiff untimely filed his Charge of Discrimination with the EEOC on June 17, 2019.[16]  [*E.g.*, Doc. 6, p. 7].  Plaintiff's current position is in direct conflict with the position he previously advanced to the EEOC and the Court.  Given the evidence, Plaintiff's ongoing pursuit of his Title VII claim is frivolous, and allowing Plaintiff to pursue his barred Title VII claim renders null the purpose of the verification requirement and the protections afforded employers as espoused in *Edelman*.  Though the procedural road of this case is already marked by repeated, unfounded accusations against Defendants and the undersigned counsel, which could support sanctions, it is the duplicity of these attacks that further supports the imposition of sanctions.

## II.
## ARGUMENT & AUTHORITIES

**A.   Sanctions are appropriate.**

Defendants do not believe that any person should be denied access to the courts.  However, some of Plaintiff's conduct in this litigation to date is the sort of conduct that can properly support and necessitate sanctions, and it is abundantly clear that Plaintiff's access to the judicial system should no longer be unfettered.  *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex.1995) ("[a]lthough the judicial system is generally accessible and open to all individuals,

---

[15]  Defendants request that the Court take judicial notice of the June 13, 2019 date, the August 17, 2018 date, and the 300 day time period between August 17, 2018 and June 13, 2019.
[16]  Defendants request that the Court take judicial notice of the date Plaintiff filed his Charge of Discrimination.

7

abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein.").

Congress has authorized the Supreme Court to adopt rules of civil procedure, pursuant to which the Court promulgated rules empowering the district courts to manage all aspects of a civil action. *Dondi Properties Corp. v. Commerce Savings and Loan Association*, 121 F.R.D. 284, 287 (N.D. Tex. 1988). This empowerment extends to the protection of litigants and the judicial system from annoyance and oppression through vexatious litigation. *Id.* Although *pro se* litigants are given considerable latitude, the wasting of increasingly scarce judicial resources must eventually be brought to an end. *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991); *Ruston v. Dallas County*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants, which means *pro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'").

Whether Plaintiff is *pro se* or he is an attorney licensed in another state, Plaintiff is still an attorney.[17] Section 1927 of the Judicial Code authorizes the imposition of sanctions in the form of attorney's fees and costs against an attorney who engages in improper litigation conduct:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[17] Upon information and belief, Plaintiff is an attorney with an active Illinois bar license (#924260122) authorized to practice law.

"Underlying the sanctions provided in 28 U.S.C. § 1927 is the recognition that frivolous appeals and arguments waste scarce judicial resources and increase legal fees charged to parties." *Religious Tech. Ctr. v. Liebreich*, 98 Fed. App'x 979, 983 (5th Cir. 2004) (citing *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995). The statute is designed to curb litigation abuses by attorneys, irrespective of the merits of the client's claim. *Id.* (citing *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999).

There is no license given to Plaintiff to violate Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927. Plaintiff does a disservice to the Court and the judicial system by repeatedly bombarding Defendants and/or their counsel with ad hominem attacks, accusations of fraud on the Court and abusive conduct. The record is replete with essentially identical motions or other pleadings filed by Plaintiff that do little more than waste Defendants' and the Court's time and resources. Such tactics overburden the Court and frustrate the administration of justice; they simply should not be tolerated.

It is unknown what motivates Plaintiff to pursue such tactics. In any event, the complained of conduct in this litigation to date is the sort of conduct that can properly support and necessitate an Order against future filings without first seeking leave of court. *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority" by levying sanctions in response to abusive litigation practices).

**B.    A sanction that requires Plaintiff to seek leave from court before filing further motions or pleadings is appropriate.**

It is unfortunately apparent that, without Court intervention, Plaintiff will continue to abuse the Court system as a vehicle for harassment. Plaintiff is proceeding *in forma pauperis*.

9

Accordingly, monetary sanctions will not adequately protect Defendants since there is little or no likelihood that any monetary sanctions will be paid by the Plaintiff.

The Fifth Circuit has explained that "[t]here is no constitutional right to prosecute frivolous actions, and preclusion orders are appropriate tools for deterring vexatious filings." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009). For example, the Fifth Circuit has affirmed a preclusion order against a *pro se* plaintiff "prevent[ing] him from filing any motions, actions, or complaints in the United States District Court for Southern District of Texas that directly or tangentially raised an issue adjudicated in the instant case without first obtaining leave of the court." *Thanedar*, 352 F. App'x at 900. The Court of Appeals found that there was ample basis for the district court to enter a preclusion, noting [the *pro se* plaintiff] exhibited a disturbing pattern of behavior in his Title VII lawsuit. *Id.*

The Fifth Circuit further found "that the preclusion order was narrowly tailored so as to preserve [the plaintiff's] access to the courts," where "[t]he order only enjoined [the plaintiff] from filing further motions or claims relating to the issues presented in the instant lawsuit in the district court without leave of the court." *Id.* at 902.

While it is unfortunate that by granting the requested relief in this Motion, this Court necessarily assumes the burden of monitoring Plaintiff's future conduct in this case, such action is the only probable means of halting Plaintiff's pattern of abuse of the judicial system. Therefore, the Court should enjoin Plaintiff and prohibit him from filing any further pleadings / motions in this case unless he first obtains leave from this Court. In the alternative, Plaintiff should be reprimanded and/or admonished via a Court Order for filing his Motion for Equitable Estoppel against Defendants and Motion for Declaratory Judgment [Doc. 59] because such was filed in violation of FED. R. CIV. P. 11 and 28 U.S.C. § 1927.

## III.
## CONCLUSION

Rule 1 of the Federal Rules of Civil Procedure calls for "just, speedy, and inexpensive determination" of matters. This case is quickly becoming anything but just, speedy, and inexpensive with the number of unreasonable motions/pleadings filed by Plaintiff. In the end it may not matter whether Plaintiff's conduct was "calculated procedural gamesmanship or was purely a product of confusion", *Burkett v. Shell Oil Co.*, 487 F.2d 1308, 1313 (5th Cir. 1973), but "[p]rinciples of equity strongly dictate against a party who seeks to take 'advantage of a situation attained by the use of questionable methods.'" *Id.* at 1316.

Defendants have been forced to incur unnecessary fees and expenses in responding to Plaintiff's countless motions and pleadings. Defendants respectfully request that the Court grant this Motion, enjoin Plaintiff and prohibit him from filing any further pleadings in this case unless Plaintiff first obtains leave from this Court or, in the alternative, reprimand and/or admonish Plaintiff via a Court Order for Plaintiff filing his Motion for Equitable Estoppel Against Defendants and Motion for Declaratory Judgment [Doc. 59] because such was filed in violation of FED. R. CIV. P. 11 and 28 U.S.C. § 1927, and grant all further relief at law or in equity that Defendants may show themselves to be justly entitled.

Respectfully submitted,

By:  */s/ Andrew M. Scott*
Andrew M. Scott
Attorney in Charge
Texas Bar No.: 24075042
Federal I.D. No. 1128461
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
E-mail: ascott@grsm.com

**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

**GORDON & REES, LLP**
Robert L. Horn
Texas Bar No.: 24046107
Federal I.D. No. 60223
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
E-mail: rhorn@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff was served on this 29th day of September, 2020 with a copy of this document via e-mail.

*/s/ Andrew M. Scott*
Andrew M. Scott