**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREGORY ROYAL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **No. 1:19-CV-0822-RP-ML** |
| **INTEGREON, INC., ET AL.,** | § | |
| **Defendants.** | § | |

**ORDER AND
REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. #40); "Plaintiff's Verified Motion to Deny and Strike Defendants' Second Subject to Defendants' Rule 12 Motions, Defendants' Second Defendants' First Amended Answer, and Defendants' Second Affirmative Defenses" (Dkt. #50); Plaintiff's Motion for Equitable Estoppel Against Defendants and Motion for Declaratory Judgment (Dkt. #59); Defendants' Motion for Sanction (Dkt. #61); Plaintiff's Motion for Extended Time to file a Response on Defendants' Motion for Sanctions (Dkt. #62); and all related briefings. *See* Dkt. #44, #47, #55, #60.[1] After reviewing the pleadings, relevant case law, and the entire record, the undersigned issues the following Order and Report and Recommendation to the District Court.

---

[1] The dispositive motions were referred to the undersigned for a report and recommendation and the nondispositive motions were referred for disposition pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   FACTUAL BACKGROUND

Despite what pro se Plaintiff Gregory Royal's ("Royal") fifty-nine page Second Amended Complaint and two previous pleading iterations would suggest, the facts of this case are relatively straightforward. Integreon Managed Solutions, Inc. ("IMS") owns or operates a document review center in Austin, Texas. *See* Dkt. #38 at 2 (Second Amended Complaint). Royal, whom Defendants contend is an attorney "by trade," was an electronic document reviewer with IMS from May 30, 2018, to August 17, 2018.[2] Dkt. #9, #21, #33, #40. It is apparent from Royal's pleadings that IMS "discharged [him] on or after August 17, 2018." Dkt. #38 at 33; *see id.* ("On 17 August 2018, Matt Pordum informed Royal that he was released from his project at Integreon . . . ."). In this suit, Royal sues IMS and various IMS employees – Marni Helfand, Julie Laufenberg, Hailey Choi, Catherine Hough, Jason Guckert, and Angela Abney – for alleged employment discrimination, harassment, the creation a hostile work environment, intentional infliction of emotional distress, and retaliation on account of his race, pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. *See* Dkt. #38.[3]

Although his lengthy pleadings are at times difficult to follow, Royal's claims derive solely from his nearly three-month "employment" with IMS. *See id.* For example, Royal argues that he was held to different and adverse standards at IMS whereby various Defendants "stereotyped me based on my race and concluded that I was not intelligent enough to review documents at the very fast/high rate to achieve review of 9000 documents in less than one work week." *Id.* at 22. Moreover, Royal alleges, among other things, that (1) IMS employee Catherine Hough "led and directed other [IMS] agents and employees to inhibit my rate of document review," (2) he "was

---

[2] It is unclear based on the pleadings what the exact nature of Royal's employment relationship was with IMS. *Compare* Dkt. #38, *with* Dkt. #48 (Amended Answer).

[3] Royal also brings a defamation per se claim against Marni Helfand. *See* Dkt. #38 at 44.

not afforded his choice of seat similar to his other non-African American peers who were allowed to sit wherever they wanted, (3) he was treated poorly compared to his non-African American colleague Jason, and (4) he was eventually discharged from his employment at IMS "based on the malicious discriminatory and retaliatory animus of [Defendants]." *See id.* at 6, 23, 26, 32. Although Royal has provided no documentation regarding his injuries, he seeks compensation in the form of punitive and compensatory damages in various sums for "loss [of] salary; emotional, mental, and physical distress and injuries suffered because of the discrimination, harassment, hostile environment, and/or retaliation against him in violation of Title VII and/or [Section 1981]." *Id.* at 55-58.

## II.   PROCEDURAL BACKGROUND

Royal filed his Original Complaint and Motion to Proceed *In Forma Pauperis* on August 20, 2019, in which he only asserted Title VII claims. Dkt. #1, #2. The undersigned ordered Royal to supplement the record by filing a signed and dated copy of the underlying EEOC Charge of Discrimination (the "Charge") because, based on the pleadings at the time, it was unclear when the Charge had been filed and whether it had been signed. *See* Dkt. #3. In response, Royal filed an affidavit (the "Affidavit") which included a copy of the Charge and the EEOC's Dismissal and Notice of Rights. *See* Dkt. #6. Per the Affidavit, Royal asserts that he "digitally signed and filed [his] EEOC Charge of Discrimination with the EEOC" on June 17, 2019. *Id.* at 3. This assertion is supported by the Charge, which includes Royal's digital signature made on June 17, 2019. *Id.* at 7. Additionally, the Charge depicts that Royal "was employed with [IMS] from 30 May 2018 – 17 August 2018," his claims arise out of events occurring during his employment, and that the discrimination took place from May 30, 2018 to August 17, 2018. *Id.* at 7-9. The EEOC's Dismissal and Notice of Rights shows that the EEOC closed its filing on the Charge because it

was not timely filed with the EEOC. *Id.* at 6. Royal was permitted to proceed *in forma pauperis* after he filed his Amended Complaint, which added claims under Section 1981. *See* Dkt. #23.

Following various rounds of motion practice, Royal filed his Second Amended Complaint on May 18, 2020. Dkt. #38. As noted above, Royal asserts various intentional infliction of emotional damages, defamation per se, Section 1981, and Title VII claims against Defendants predicated on events occurring during his employment with IMS. *See id.*

Now before the court are various motions filed by both parties. On June 1, 2020, Defendants filed their Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike, to which Royal filed a response and Defendants filed a reply. *See* Dkt. #40, #44, #47. On July 2, 2020, Royal filed his "Verified Motion to Deny and Strike Defendants' Second Subject to Defendants' Rule 12 Motions, Defendants' Second Defendants' First Amended Answer, and Defendants' Second Affirmative Defense" ("Royal's Motion to Deny and Strike"). Dkt. #50. While Defendants filed a response, Royal did not file a reply. *See* Dkt. #55. On July 24, 2020, Royal filed his Motion for Equitable Estoppel against Defendants and Motion for Declaratory Judgment. Dkt. #59. Again, Defendants filed a response and Royal did not file a reply. *See* Dkt. #60. Finally, on September 29, 2020, Defendants filed their Motion for Sanctions. Dkt. #61. While Royal did not timely respond, on November 9, 2020, he filed what the court interprets to be his Motion for Leave to Extend Time to File a Response and the Response itself. *See* Dkt. #62.

## III.   RULE 12(B)(6) MOTION TO DISMISS AND RULE 12(F) MOTION TO STRIKE

Before turning to the substance of Defendants' Motion to Dismiss, the court must first determine what documents it may appropriately review. Defendants ask the court to take judicial notice of the Affidavit, the Charge, and the EEOC's Dismissal and Notice of Rights. Dkt. #40 at 5

n.2. Additionally, while Royal makes no formal request, he attaches a number of emails and other exhibits to his response. *See* Dkt. #44.

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings. FED. R. CIV. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). That said, the Fifth Circuit has noted approvingly "that a defendant['s attachments] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.'" *Collins*, 224 F.3d at 498 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Additionally, "'[c]ourts in this circuit have taken judicial notice of certain EEOC documents,' including EEOC charges." *Spann v. Frisco Indep. Sch. Dist.*, No. 419CV00603SDJCAN, 2020 WL 2167624, at *3 (E.D. Tex. Apr. 14, 2020), *report and recommendation adopted*, No. 4:19-CV-603, 2020 WL 2126423 (E.D. Tex. May 5, 2020); *Thomas v. Esper*, No. 5:18CV110-RWS-CMC, 2019 WL 3026951, at *3 (E.D. Tex. May 22, 2019) (citing *Perez v. Brennan*, No. 1:17-CV-00043, 2017 WL 5534244, at *3 (S.D. Tex. Nov. 17, 2017)); *Hossain v. McHugh*, No. EP-15-CV-00083-KC, 2015 WL 7162022, at *2 n.3 (W.D. Tex. Nov. 13, 2015), *report and recommendation adopted*, No. 5:18CV110-RWS-CMC, 2019 WL 3017418 (E.D. Tex. July 10, 2019). Furthermore, "[d]ocuments in judicial actions and cases' dockets are public records of which any court can take judicial notice." *Duncan v. Heinrich*, 591 B.R. 652, 655 (M.D. La. 2018) (citing FED. R. EVID. 201).

The court takes judicial notice of the two underlying EEOC documents – the Charge and the EEOC's Dismissal and Notice of Rights – "solely to determine whether [Royal] has sufficiently

alleged exhaustion of [his] administrative remedies."[4] *Thomas*, 2019 WL 3026951, at *4 (citing *Spears v. Jefferson Par. Sch. Bd.*, No. 13-6266, 2014 WL 2739407, at *5 (E.D. La. June 17, 2014). Moreover, the court takes judicial notice of Royal's previous filings in this case, including the Affidavit, pursuant to Federal Rule of Evidence 201(b). Because the court will not be converting Defendants' Motion to Dismiss into a summary judgment motion, and because the exhibits attached to Royal's Response are not referenced in Royal's Second Amended Complaint, Royal's exhibits will not be considered at this stage of the proceedings.[5]

### A.    Motion to Strike

In their Motion, Defendants argue that the court should strike various paragraphs from Royal's Second Amended Complaint because they are immaterial, impertinent, and scandalous. Dkt. #40 at 7-10. Specifically, Defendants ask the court to strike the following paragraphs from Royal's Second Amended Complaint: paragraphs 22-35; 50-51; 124; 195-198; 203-207; 225; 235-236. *See id.* at 8. In response, Royal argues the disputed paragraphs must not be stricken because they "are more probative than prejudicial." Dkt. #44 at 10.

In his response, Royal includes his own motion to strike, in which he argues Defendants' Motion to Dismiss and Answer (Dkt. #40 and Dkt. #41) "should be denied or stricken[] in their entirety." Dkt. #44 at 2-5. Specifically, Royal argues Defendants' pleading and briefing should be stricken because (1) Defendants "failed to state a legitimate basis under law[] or a good faith basis"; (2) Defendants "come before the [c]ourt with their unclean hands"; (3) Defendants "flipflopped/toggled between at least three different purported reasons for Defendants' adverse

---

[4] The court also takes judicial notice of these documents because Defendants' attached them to their Motion to Dismiss and they are referenced in Royal's Second Amended Complaint. *See Collins*, 224 F.3d at 498; *see also* Dkt. #38 at 39.

[5] The court notes that it reviewed Royal's exhibits in its preliminary determination of what evidence should be considered. This brief review revealed that Royal's exhibits would not change this recommendation even if they were properly subject to analysis.

action against Royal"; and (4) "equitable principles support and demand that Royal's Title VII claims be maintained and protected by the [c]ourt." *Id.* at 2-3.[6]

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). Such matters may be stricken upon motion made by a party or sua sponte. *Id.* The action of striking a pleading "should be sparingly used by courts" because "it is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Accordingly, a motion to strike should be granted only "when the pleading to be stricken has no possible relation to the controversy." *Id.*

As an initial matter, it is recommended that Royal's Motion to Strike be **DENIED**. Dkt. #44. Despite Royal's contentions to the contrary, Defendants *have* made legitimate and, as seen below, good-faith meritorious arguments under the law. Additionally, there is no support for Royal's proposition that Defendants come before the court with "unclean hands" because they "knowingly and intentionally act to deceive and defraud the [c]ourt out of favorable rulings and plot and calculate to commit known and intentional perjuries on the witness stand during the forthcoming jury trial." *Id*. at 3. Furthermore, Defendants' alleged flipflopping and toggling as to why Royal was fired goes to the merits of this case; it is not a sufficient basis to strike Defendants' Motion or Answer. *See id.* at 4. Lastly, the fact that Royal argues he has a cause of action against Defendants is not an appropriate rationale for striking Defendants' pleadings and motions. Put

---

[6] Royal additionally asserts that "Defendants' motions cannot be supported by their own 'conclusory statements' and allegations based on Defendants being embarrassed and [*sic*] or simply not liking facts with Royal's verified second amended complaint." Dkt. #44 at 5.

simply, Defendants are entitled to participate in the litigation process despite Royal's allegations against them. For these reasons, it is additionally recommended that Royal's Motion to Strike be **DENIED**.[7] Dkt. #44.

Turning to Defendants' Motion to Strike, the majority of the relevant paragraphs in Royal's Second Amended Complaint contain allegations relating to (1) the conduct and treatment of other IMS agents and/or employees, (2) how other IMS agents and/or employees treated Royal, and (3) threats of litigation Royal made during his employment. *See* Dkt. #38. While many of these allegations appear to have only tangential probative value, their existence has little prejudicial effect. Because courts should only "sparingly" strike pleadings, Royal's Second Amended Complaint should largely be unaltered by the court.

However, Royal includes a few allegations that "[IMS's] agents committed a theft of monies from its client law firm(s) and end-client Pfizer, Inc." *See id.* at 8. Although unclear, the basis of these claims seems to be that IMS stole from one of its clients because it permitted its agents to "goof off at work" while on the clock. *See id.* at ¶¶ 50-51, 124, 235-236. These allegations have no relevance to, or bearing on, Royal's asserted claims. Additionally, their existence could prejudice both parties in terms of unnecessary litigation costs. Therefore, it is recommended that the District Court **GRANT in part and DENY in part** Defendants' Motion to Strike. Dkt. #40. Specifically, it is recommended that the District Court **GRANT** Defendants' Motion to Strike to the extent it seeks to strike paragraphs 50-51, 124, 235-236 of Royal's Second Amended Complaint and **Deny** Defendants' Motion to Strike in all other regards. *Id.*

---

[7] The undersigned treats this as a dispositive motion because Royal is essentially asking the court to deny Defendants' Motion to Dismiss via Rule 12(f).

### B.        Motion to Dismiss

Defendants argue Royal's Title VII claims should be dismissed because they fail to state a claim upon which relief may be granted. *See* Dkt. #40. Specifically, Defendants argue that by failing to timely file his Charge with the EEOC, Royal failed to exhaust his administrative remedies as they relate to his Title VII claims. *Id.* at 4-7. Thus, Defendants argue Royal's Title VII claims should be dismissed.

In his response, Royal does not directly dispute Defendants' allegation that he failed to file his Charge within the prescribed time period.[8] Instead, Royal asserts the Charge's late filing should not be deemed a bar to his Title VII claims because of well-established equitable tolling principles. In addition, Royal also contends his Title VII  claims should be permitted to proceed due to other "principles of equity not yet considered by the U.S. Supreme Court" and his "second EEOC complaint" which gives rise to equitable tolling. *Id.* at 8-9. Finally, Royal asks the court to postpone ruling on Defendants' Motion to Dismiss until discovery has occurred. *Id.*

In their Reply, Defendants posit that Royal has presented no viable argument that would support equitable tolling of the deadline to file the Charge. Dkt. #47. Additionally, Defendants argue that Royal "knew with 100% certainty that his engagement with IMS ended on August 17, 2018[,] . . . that June 13, 2019 was his deadline to file his Charge[,]" and that Royal failed to meet the deadline. *Id.* Defendants additionally contend that Royal's tolling argument based on a new EEOC complaint fails because this alleged "second EEOC complaint against Defendants has no bearing" to the facts of this case. *Id.*

---

[8] Royal attempts to take a second bite of the apple in his later and separately filed Motion for Equitable Estoppel, whereby Royal for the first time makes the additional argument that the Charge was timely filed. *See* Dkt. #59. To the extent Royal seeks to use this later motion as a second attempt to respond to Defendants' Motion to Dismiss, this filing is improper. That said, the court addresses the arguments Royal makes with respect to each motion, including Royal's Motion for Equitable Estoppel, below.

### 1.      *Standard of Review*

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The standard is properly guided by "[t]wo working principles."  *Id*.  First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 678.  Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an

entitlement to relief.  If not, "the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### 2.    *Analysis*

In an employment discrimination case, the plaintiff must exhaust all administrative remedies before pursuing his claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)). The plaintiff exhausts his administrative remedies when he files a timely charge of discrimination with the EEOC. *Dao*, 96 F.3d at 788-89 (noting that although filing a claim with the EEOC is not a jurisdictional prerequisite, it "'is a precondition to filing suit in district court'") (quoting *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983)). In a state, like Texas, that "provides a state or local administrative mechanism to address complaints of employment discrimination, a [T]itle VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged." *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); *see also Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 355 (5th Cir. 2013) ("[A] discrimination claim not brought within 300 days of the alleged discriminatory act is time-barred."). The limitations period for filing a charge of discrimination with the EEOC starts to run from the date the discriminatory act occurs or the date that the plaintiff knows or reasonably should know of the discriminatory act. *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980); *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 605 (5th Cir. 1986). "Charges are considered filed when the EEOC receives the document." *Owens v. Dallas Cty. Cmty. Coll. Dist.*, 793 F. App'x 298, 301 (5th Cir. 2019).

As noted above, Royal does not contend in his response that the Charge was filed within the prescribed 300-day deadline. *See* Dkt. #44. This fact is supported by the record. Royal

"digitally signed and filed" the Charge with the EEOC on June 17, 2019. Dkt. #6 at 3, 9. In the Charge, Royal repeatedly stated he was terminated from employment with IMS "on August 17, 2018." *Id.* at 7, 8.[9] As such, because Royal's pleadings do not allege any improper conduct after his termination, the last day Royal alleges improper conduct is on August 17, 2018. *See* Dkt. #38. Based on these dates, Royal's 300-day time period expired after June 13, 2019. Royal recognized this deadline, as made evident by Royal's own emails. *See* Dkt. #44 at 17 ("The respective deadline would be June 13, 2019 for a filing date deadline"). By waiting until June 17, 2019 to file his Charge, Royal unequivocally missed his deadline and failed to comply with Title VII's exhaustion requirement.

Despite the foregoing, Royal "maintains that his Title VII claims [are] timely filed under principles of equity." Dkt. #44 at 9. Specifically, Royal argue his deadlines should be equitably tolled because Defendants "flipflopped/toggled in their purported reason(s) for discharging him" and "concealed the material facts of whom Catherine Hough discussed Royal's 9000 reviewed documents." *Id.* The limitations period for federal discrimination claims is subject to equitable considerations, including equitable tolling. *See Gonzales v. Pan Am. Labs., L.L.C.*, No. 3:14-CV-2787-L, 2017 WL 4758672, at *9 (N.D. Tex. Oct. 20, 2017) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The burden of proof rests on the party invoking the equitable tolling doctrine, which is applied sparingly. *Tillison v. Trinity Valley Electric Co-op. Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006). Equitable tolling applies when the plaintiff is "prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The Fifth Circuit has "allowed tolling in Title VII actions when (1) the plaintiff

---

[9] These dates are further corroborated by Royal in his pleadings. *See* Dkt. #38 at 23 ("From on or about 13 July 2018 to 16 August [20]18, [Defendants] harassed and discriminated against me based on my race."); *see also id.* at 21 ("I was employed with [IMS] from on or about 30 May 2018 – 17 August 2018.").

timely filed suit in the wrong forum; (2) the defendant intentionally concealed the facts giving rise to the lawsuit; (3) the EEOC misleads the plaintiff about his rights; and (4) "a plaintiff has actively pursued judicial remedies but filed a defective pleading." *Jones v. City of Houston*, 756 F. App'x 341, 348 (5th Cir. 2018) (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (internal quotations omitted)). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

The application of equitable tolling is a fact-specific inquiry that lies within the court's sound discretion. *Granger*, 636 F.3d at 712 (5th Cir. 2011). This tolling inquiry may be resolved via a Rule 12(b)(6) motion. *See Jones*, 756 F. App'x at 348 (despite the plaintiff's equitable tolling argument, affirming Rule 12(b)(6) dismissal of Title VII claims because the plaintiff failed to timely file EEOC charge of discrimination); *see also Muhammed v. Delhi Charter Sch.*, No. 3:19-CV-00298, 2020 WL 2477946, at *6 (W.D. La. Apr. 14, 2020), *report and recommendation adopted*, No. 3:19-CV-00298, 2020 WL 2476553 (W.D. La. May 13, 2020) (same).

Here, besides citing a number of cases supporting the undisputed proposition that Title VII's timely filing requirement can be equitably tolled, Royal presents no viable arguments for equitably tolling the applicable deadline in this case. First, the fact that Defendants allegedly "flipflopped" or changed their position as to why Royal was fired does not fit into any of the recognized tolling categories listed above. Regardless of their proffered reason for terminating Royal, it is his contention the termination was on account of his race – a contention that was not hidden or influenced by Defendants' alleged "flipflop." Second, Royal has not articulated how the alleged concealment of whom Catherine Hough discussed Royal's work performance with equates to a concealment of the facts giving rise to this lawsuit. *See* Dkt. #44. In short, even taking Royal's

allegations as true at this stage of the proceedings, his conclusory and abbreviated arguments fail to allege sufficient circumstances that warrant equitable tolling under the categories recognized by the Fifth Circuit. Moreover, Royal's untimely filing of the Charge appears to be the result of nothing more than Royal's negligence – a fact that does not warrant tolling.

Royal additionally argues that his Title VII claims are saved because he will be filing another EEOC charge relating to a newly arising instance of discrimination and harassment. *See* Dkt. #44 at 4-5, 9. Specifically, Royal contends that in February 2020 he applied and was wrongfully denied a new position as a document review attorney with IMS. *Id.*[10] Royal alleges this wrongful denial lays the underpinnings for a new Title VII claim and states that "[s]aid EEOC complaint and its forthcoming federal civil lawsuit will likely come before the U.S. District Court, Western District of Texas, during the pendency of this case." *Id.* at 5. Upon review, Royal's future EEOC charge is unrelated to this case. Moreover, there is no evidence in the record that the EEOC has in fact received this second Title VII claim. Accordingly, these allegations are irrelevant to the dispute at hand and do not save Royal's otherwise time-barred Title VII claims.

To the extent Royal asks for additional time for discovery, no discovery will change the fact that Royal failed to timely file the Charge and has not alleged any plausible grounds for equitable tolling. Accordingly, it is recommended that the District Court **GRANT** Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) and **DISMISS with prejudice** Royal's Title VII claims. Dkt. #40.

## IV.   PLAINTIFF'S MOTION FOR EQUITABLE ESTOPPEL AND DECLARATORY JUDGMENT

In an obvious second-attempt to relitigate his Title VII claims, Royal filed his Motion for Equitable Estoppel Against Defendants and Motion for Declaratory Judgment on July 23, 2020 –

---

[10] This is despite the fact that Royal was already suing IMS in the above-styled lawsuit at the time he applied for this new position.

almost two months *after* Defendants filed their Motion to Dismiss. *See* Dkt. #59. In a four-page argument that is heavy on conclusory assertions and little on substantive arguments, Royal – seemingly recognizing the fatal flaw in his Title VII claims – belatedly argues (1) he should "be allowed to show and prove that he first became knowledgeable about IMS's discharge of him . . . on 20 August 2018" because Defendants maintain directly opposing positions regarding his termination, and (2) the court should wait to issue judgment on Defendants' Motion to Dismiss until after his dispute with the EEOC ends regarding "the actual day Royal filed his [Charge]" with the EEOC. Dkt. #59. Thus, in a nutshell, Royal belatedly argues he did in fact timely file his Charge within the 300 day deadline because either his employment was terminated on August 20, 2018, not August 17, 2018, or because he submitted his Charge earlier than June 13, 2019. Additionally, Royal argues Defendants should be equitably estopped from asserting two directly opposed positions related to the filing deadline of the Charge, and Defendants' Motion to Dismiss should be stayed pending discovery. *Id.* at 2, 5.

As an initial matter, all of these arguments could, and should, have been made in Royal's Response to Defendants' Motion to Dismiss. They are not based on any evidence newly available to Royal and would have directly addressed many of Defendants' arguments. That said, the reason these arguments were not made earlier is readily apparent; these arguments and claims for relief are not supported by the record or, more specifically, Royal's own pleadings and sworn declarations.

## A.    Equitable Estoppel

Under Texas law, "one party may be estopped to assert a legal position against another if that position is inconsistent with a previous one." *Joleewu, Ltd. v. City of Austin*, 916 F.2d 250,

252 (5th Cir. 1990), *vacated in part on other grounds*, 934 F.2d 621 (5th Cir. 1991); *AE Mktg. v. Jenkins-Baldwin Corp.*, No. 3:07-CV-0321-F, 2010 WL 11537890, at *3 (N.D. Tex. June 7, 2010) ("Equitable estoppel precludes a party from asserting a legal position against another if that position is inconsistent with a previous one.") (internal citations omitted). Here, however, Royal has not provided any citations, substantive arguments, or anything beyond conclusory allegations relating to his argument that Defendants maintain inconsistent positions. *See* Dkt. #59. Furthermore, the two contrarian positions Royal directs the court to – (1) that named defendants "are not parties to this matter because these individuals were not in the same position as [IMS]"; and (2) "that Royal did not timely file his [Charge] before or on 16 June 2019" –  are not on their face inconsistent. *See id* at 2. Accordingly, it is recommended that Royal's Motion for Equitable Estoppel be **DENIED** so far as he seeks equitable estoppel. Dkt. #59.

## B.     Declaratory Judgment and Stay

Royal's remaining two arguments are a blatant attempt to take a second bite out of the apple. That is to say, Royal attempts to add two new arguments for why Defendants' Motion to Dismiss should be denied under the guise of seeking a stay and a declaratory judgment. For the following reasons, the court finds Royal's untimely arguments regarding his time-barred Title VII claims unpersuasive.

First, Royal has, up until now, repeatedly and consistently pleaded and argued via sworn statements that he was terminated on August 17, 2018. *See* Dkt. #38 at 23 (stating in his Second Amended Complaint, "[f]rom on or about 13 July 2018 to 16 August [20]18, [Defendants] harassed and discriminated against me based on my race"); *see also id.* at 21 (stating in his Second Amended Complaint, "I was employed with [IMS] from on or about 30 May 2018 – 17 August 2018"); Dkt. #6 at 7 (noting on his Charge that the dates the discrimination took place were from

May 30, 2018 to August 17, 2018); *id.*; (stating in the Charge, "I was employed with [IMS] from 30 May 2018 – 17 August 2018); *id.* at 8 (stating in the Charge, "I was terminated on August 17, 2018"). Moreover, in an email Royal attaches to his Motion for Equitable Estoppel, Royal himself writes: "The respective deadline would be June 13, 2019 . . . 300 days from August 17, 2019 the day." Dkt. #59 at 11. Accordingly, Royal's new contention that he was terminated on August 20, 2018, is undermined and refuted by his own sworn statements and proffered evidence.[11] Put simply, it is (1) a disingenuous assertion devoid of merit made only to keep his Title VII claim alive; and (2) an allegation that is directly contradicted by Royal's own well-pleaded complaint, proffered evidence, and the Charge. Therefore, Royal's belated argument is trumped by his own pleadings, and the undersigned recommends that Royal's request for declaratory judgment be **DENIED**. Dkt. #59.

On the other end of the time spectrum, Royal similarly tries to save his Title VII claim by now, *again for the first time*, arguing that the EEOC erred in determining his Charge was filed after August 16, 2018.[12] *See* Dkt. #59 ("Royal, however, is currently in dispute with the EEOC San Antonio Field Office regarding . . . the actual day Royal filed his EEOC complaint . . . . Royal timely filed his EEOC Complaint . . . on or before 16 August 2018."). Again, this new contention is directly disputed by Royal's pleadings, sworn declarations, and the Charge itself. *See* Dkt. #6 at 3 (Royal stating in his own affidavit that "[o]n 17 June 2019, I digitally signed and filed my EEOC Charge . . . with the EEOC, San Antonio office"; *id.* at 8 (the Charge indicating it was "[D]igitally signed by Gregory Royal on 06-17-2019 6:04 PM EDT"). Thus, as this court has already recommended, Defendants' Motion to Dismiss should not be stayed pending discovery.

---

[11] Moreover, Royal has waived this argument by failing to raise it in his Response to Defendants' Motion to Dismiss.

[12] In addition to being inconsistent with his previously sworn to testimony, this assertion is nonsensical. The newly offered date for when the Charge was filed precedes his termination. *See* Dkt. #59.

Accordingly, it is recommended that Royal's Motion for Equitable Estoppel be **DENIED.** Dkt. #59.

In sum, the facts alleged in Royal's Motion for Equitable Estoppel Against Defendants and Motion for Declaratory Judgment are unsupported by Royal's own pleadings and sworn declarations. Furthermore, Royal has failed to meet his burden of showing he is entitled to relief because his conclusory and speculative contentions fail to connect any of his contradicted facts to his requested relief.  The reason for this is readily apparent; Royal's Motion represents a litigant who is willing to play "fast and loose" with the court and the facts in order to keep his ill-fated claims alive. This is not to be encouraged. *See Lewandowski v. National R.R. Passenger Corp.*, 882 F.2d 815, 819 (3d Cir. 1989) ("such use of inconsistent positions would most flagrantly exemplify that playing fast and loose with the courts which has been emphasized as an evil the court should not tolerate"). Accordingly, it is recommended that Royal's Motion for Equitable Estoppel against Defendants and Motion for Declaratory Judgment be **DENIED** in its entirety. Dkt. #59.

## V.     ROYAL'S MOTION TO DENY AND STRIKE

On July 2, 2020, Royal filed his Motion to Deny and Strike, asking the court to deny and strike from the record Defendants' Motion to Dismiss and Defendants' First Amended Answer. Dkt. #50. In a nutshell, Royal's rambling and duplicative Motion sets forth arguments already briefed in previous motions and analyzed above, and posits that Defendants' First Amended Answer (Dkt. #48) and other filings must be stricken from the record because they are untimely, "unethical," and unequitable. *See id.* As an example of Royal's briefing, he contends that

> Defendants knowingly, maliciously, and improperly attempted to submarine attack Royal and calculated to defraud the Court by intentionally with their deceitful intent lay in wait to modify, change, and add conclusory statements, statements they knew

to be false at the time [Dkt. #48] was filed, and statements they knew were refuted
by evidence already in the Defendants' possession.

Dkt. #50 at 2-3.

First, the court will not readdress Royal's arguments pertaining to "unclean hands,"
"flipflopping and toggling," or Royal's so-called "equitable principles." These arguments have
been raised in almost every briefing filed by Royal and, as seen in the court's above analysis, are
unpersuasive given their conclusory and speculative nature, failure to cite case law, and their lack
of connection with the relief they seek. Accordingly, the court finds unpersuasive all of Royal's
arguments that have already been addressed and rejected.

Second, Defendants were within their right to file their First Amended Answer. Federal
Rule of Civil Procedure 15(a) permits a party to amend his pleadings "once as a matter of course
. . . 21 days after service of a motion under Rule 12(b)[.]" FED. R. CIV. P. 15(a)(1)(B). Here,
Defendants filed both their Motion to Dismiss pursuant to Rule 12(b)(6) and their Answer on June
1, 2020, and subsequently filed their First Amended Answer seventeen days later. *See* Dkt. #40,
#41, #48. Given this timely amendment and the unfettered right displayed under Rule 15(a),
Defendants' First Amended Answer is both timely and proper. Moreover, considering the fact that
Royal contests Defendants' First Amended Answer despite having filed three iterations of his
pleadings himself, the court finds that justice is served by permitting Defendants to file their First
Amended Answer. *See* FED. R. CIV. P. 15(a)(2) ("In all other cases, a party may amend its pleading
. . . [with] the court's leave. The court should freely give leave when justice so requires.").

Third, Royal's argument that Defendants' entire First Amended Answer or select
paragraphs within it should be stricken because Defendants changed their pleadings and thereby
engaged in a "submarine attack" misses the mark.  *See* Dkt. #50. The entire purpose of an amended
pleading is to add facts, claims, and affirmative defenses. The fact that a party does so is not

evidence of an improper "submarine attack." Put simply, Defendants have a right to defend themselves within the confines of the federal rules and existing case law. This is precisely what Defendants have done.

Furthermore, as noted above, "it is well established that the action of striking a pleading should be sparingly used by the courts. . . .  It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Moreover, Federal Rule of Civil Procedure 8(c)(1) states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. (8)(c)(1). Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case. *Morris v. Homco Int'l, Inc.*, 853 F.2d 337, 342-43 (5th Cir. 1988). A defendant must plead with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). Here, Defendants have appropriately stated their affirmative defenses within the confines of the Federal Rules of Civil Procedure. Thus, Royal's argument relating to the striking of Defendants' First Amended Answer and the affirmative defenses contained within is **DENIED**. Dkt. #50.

Lastly, Defendants ask the court to "strike[] Defendants' . . . Rule 12 Motions." Dkt. #50 at 14. Notably, Defendants do not provide any arguments supporting this requested relief. *See id.* Moreover, the court can think of no arguments that could plausibly support this sought relief. Accordingly, Royal's Motion to Deny and Strike is **DENIED**. Dkt. #50.

VI.   **D**EFENDANTS' **M**OTION FOR **S**ANCTIONS

On September 29, 2020, Defendants filed their Motion for Sanctions, asking the court to enjoin Royal from filing any further pleadings or briefings in this case unless he obtains leave from the court. Dkt. #61 at 11. Alternatively, Defendants ask the court to "admonish [Royal] via a Court Order for . . . filing his Motion for Equitable Estoppel . . . because such was filed in violation of FED. R. CIV. P. 11 and 28 U.S.C. § 1927." *Id.* Royal failed to file a timely response. However, on November 9, 2020, Royal filed a Motion for Extension of Time to File a Response, both articulating the reason for why he was unable to timely file a response and providing "[his] position" on why "Defendants' motion is itself frivolous, without merit, and aimed a [*sic*] maliciously forcing [his] limited resources and time away from discovery in the case at bar." Dkt. #62. Royal argues he was unable to timely file his response because (1) he "lost technical means to draft [his] Response due to unrelenting cyber-hacks into my computer," and (2) "severe depression . . . caused by being racially discriminated against" by Defendants. *Id.* Defendants did not file a response to Royal's Motion for an Extension.

Upon review, the court **GRANTS** Royal's Motion for Extension of Time to File a Response. *Id.* Additionally, because Royal articulates his argument in detail for why Defendants' Motion for Sanctions should be denied, the undersigned interprets Dkt. #62 as Royal's Response.

Defendants' Motion for Sanctions can be broken into two separate arguments. First, Defendants argue Royal should be sanctioned because his filings are rifled with "ad hominem attacks" that "only serve to multiply and delay proceedings, in direct conflict with the [c]ourt's and the Federal Rules' preference for deciding disputes on the merits." Dkt. #61 at 5. To this assessment, the court agrees. As accurately depicted in Defendants' Motion, Royal has repeatedly attacked Defendants and Defendants' counsel with accusations of fraud, deceit, and other abusive

conduct **merely because he dislikes or disagrees with their positions**. *See, e.g.*, Dkt. #28-1 "Defendants . . . via their attorneys . . . have chosen to engage in submarine tactics and repetitious piecemeal filing of a deluge of motions aimed at attempting to harass and inundate Royal because he is a *pro se* litigant."; *id.* at 2 ("With their malicious intent to harass and inundate Royal via an abuse/misuse of motion practice, Defendants chose to employ Derek Drizin to make his affidavit that is . . . an apparent known commission of an intentional perjury."); Dkt. #44 at 2 ("Defendants[] attempt to covertly gain favor from the Court"); *id.* at 2 n.1 ("Defendants consistently espouse their penchant for making false and unsubstantial accusations for their malicious and unethical intent to cause injuries to Royal."); Dkt. #50 at 8 ("Defendants improperly and in a deceitful and unethical manner attempted to commit fraud on Royal and this [c]ourt by adding 'for damages' to the first sentence."; Dkt. #62 at 1 ("Defendants' motion is itself frivolous, without merit, and aimed a [*sic*] maliciously forcing my limited resources . . . away from discovery"). This is despite the fact that Royal has produced absolutely no evidence supporting his ad hominem attacks or various allegations of misconduct. These ad hominem and unsubstantial allegations of legal misconduct are particularly troubling considering the fact that Royal is a trained attorney. *See* Dkt. #40 at 2 ("Plaintiff Gregory Royal (who is an attorney by trade)"). In this suit, Royal's ill-advised actions have confused the issues, detracted the parties from arguing the merits of the case, and resulted in a myriad of unnecessary and costly court filings.

Defendants' second argument, continuing in the same vein, is that Royal has overburdened the court and frustrated justice by filling the record with "essentially identical motions." Dkt. #61 at 9. Again, the court agrees. In addition to repeatedly realleging his ad hominem attacks and allegations of fraud and other misconduct, Royal has also repeatedly filed motions arguing that his

Charge was timely filed with the EEOC. *See* Dkt. #50; *see also* Dkt. #59.[13] As discussed above, such allegations are entirely unconvincing because Royal has filed with the court at least four documents admitting under oath or declaring under penalty of perjury that "[he] was employed with [IMS] from 30 May 2018 – 17 August 2018" or that the latest date in which discrimination took place was "08-17-2017." *See* Dkt. #1 at 2; *see also* Dkt. #1-1; Dkt. #6 at 7; Dkt. #18 at 8. The fact that these statements were made under oath is not to be taken lightly. As noted by the Supreme Court, the verification of a charge or any other oath requirement protects litigants from the "expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury." *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 113 (2002); *see EEOC v. Shell Oil Co.*, 466 U.S. 54, 76 n. 32 (1984) (noting in a Title VII case that "the function of an oath is to impress upon its taker an awareness of his duty to tell the truth"). Additionally, Royal has not provided any argument for why his position regarding the termination date has changed. Instead, it is clear from the record that his conclusory change in position was caused for no other reason than Royal's decision to play fast and loose with the facts in order to avoid having his Title VII claim dismissed. Nonetheless, while Royal was permitted to make his legal arguments related to the termination date in his Response to Defendants' Motion to Dismiss, the law does not give him free license to repeatedly file motions making the same arguments.

In light of the foregoing, Defendants ask the court to sanction Royal for wasting the court's scarce judicial resources and increasing the parties' legal fees. Dkt. #61 at 9; *see Religious Tech. Ctr. v. Liebreich*, 98 F. App'x 979, 983 (5th Cir. 2004) ("Underlying the sanctions provided in 28 U.S.C. § 1927 is the recognition that frivolous appeals and arguments waste scarce judicial resources and increase legal fees charged to parties."). Defendants argue the sanction should take

---

[13] This is despite the fact that Royal failed to raise this argument in his Response to Defendants' Motion to Dismiss. *See* Dkt. #44.

the form of an order against future filings without first seeking leave of the court. *Id.* (citing *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (stating that court's have the "inherent power[]" to "protect the efficient and orderly administration of justice and those necessary to command respect for the court's orders, judgments, procedures, and authority").

The Fifth Circuit has confirmed that "[t]here is no constitutional right to prosecute frivolous actions, and preclusion orders are appropriate tools for deterring vexatious filings." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009). That said, the undersigned at this stage of the proceedings finds a warning to be the more prudent course of action. Accordingly, the undersigned recommends the District Court warn Royal against engaging in conduct that will cause the parties to incur unnecessary fees and expenses, slow the wheels of justice, or distract from the aims of the above-styled lawsuit. Specifically, Royal is cautioned against filing duplicative motions, ad hominem attacks, unsubstantiated allegations of fraud or other litigatory misconduct, or playing "fast and loose" with the facts of this case. Further transgressions may result in an order implementing the sanctions Defendants seek.

The undersigned **DENIES** Defendants' Motion for Sanctions. Dkt. #61.

## VII. ORDER AND RECOMMENDATIONS

In light of the foregoing, it is **ORDERED** that

- Plaintiff's Verified Motion to Deny and Strike Defendants' Rule 12 Motions, Defendants' First Amended Answer, and Defendants' Second Affirmative Defenses (Dkt. #50) be **DENIED**.

- **IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Dkt. #61) be **DENIED**, but Royal be cautioned against further dilatory tactics.

- **IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Response (Dkt. #62) be **GRANTED**.

Additionally, the undersigned also **RECOMMENDED** that:

- Defendants' Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike (Dkt. #40) be **GRANTED in part** and **DENIED in part**. It is recommended that Defendants' Rule 12(b)(6) Motion be **GRANTED** and that all of Royal's Title VII claims be **DISMISSED with prejudice**. It is also recommended that Defendants' Motion to Strike **be GRANTED** to the extent it asks the court to strike the following paragraphs of Royal's Second Amended Complaint: paragraphs 50-51, 124, 235-236 of Dkt. #38. Rather than having Royal file a new pleading with the relevant omissions, the undersigned **RECOMMENDS** that the District Court order the parties to treat the above-referenced paragraphs as **STRICKEN** from the record. Defendants' Motion to Strike (Dkt. #40) should be **DENIED** in all other respects.

- **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Strike (Dkt. #44) be **DENIED**.

- **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Equitable Estoppel against Defendants and Motion for Declaratory Judgment (Dkt. #59) be **DENIED**.

- **IT IS FURTHER RECOMMENDED** that the District Court warn Royal against filing further duplicative motions, ad hominem attacks, unsubstantiated allegations of fraud or other litigatory misconduct, or playing "fast and loose" with the facts of this case. Moreover, the undersigned recommends the District Court warn Royal that any further transgressions may result in an order implementing sanctions.

If adopted, the outcome of this Report and Recommendation would be the dismissal with prejudice of Royal's Title VII claims. All other claims would be unaffected. Additionally, the parties would be ordered to treat paragraphs 50-51, 124, 235-236 of Royal's Second Amended Complaint as stricken from the record. Lastly, Royal would be cautioned against further dilatory tactics with the possible consequence of sanctions should he not heed the court's warning.

The referral to the undersigned should now be canceled.

## VIII.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED January 8, 2021.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE